ANTHONY TUCCI et al., Appellants, v CLIFFORD BOSSERT, JR. et al., Defendants, and DRACKETT PRODUCTS COMPANY, Respondent.

Second Department, July 6, 1976

*Gilberg & Gilberg (David C. Gilberg, Michael H. Gilberg* and *Robert A. Gilberg* of counsel), for appellants.

*Warren Freedman (Cary Stewart Sklaren* and *Richard L. Stern* of counsel), for respondent.

HOPKINS, J. Essentially, the question before us is whether the complaint states a cause of action against the defendant Drackett Products Company (Drackett). We hold that it does and, accordingly, modify the order of Special Term which dismissed the complaint against Drackett by reinstating the complaint. We affirm the remainder of the order which denied, with leave to renew, the plaintiffs' cross motion for certain procedural relief. We believe that Special Term acted appropriately in denying the cross motion.

The complaint pleads six causes of action, each of which is directed toward certain of the defendants, but we deal here only with the sufficiency of the causes of action naming Drackett as defendant. Besides the formal pleading, the allegations are amplified by affidavits submitted on behalf of the parties. The core of the plaintiffs' claim against Drackett may be summarized thus:

The defendants Durr purchased a can of Drano in April, 1974. Drano, a product manufactured by Drackett, is designed and sold for the purpose of unclogging drains. The Durrs discarded the can by placing it within a trash bag in front of their house, although only a part of the contents of the can had been used. Drano is designed and intended to be used by the consumer through pouring one tablespoon of the product down a drain, followed by one cup of cold water. The infant plaintiff was injured when the infant defendant Bossert, together with the infant plaintiff, removed the can from the bag in which it had been discarded and poured water into the can, whereupon it exploded. This action by the infant plaintiff and his parents was then instituted.

The causes of action against Drackett assert that Drano is a dangerous, volatile and explosive product, which was inadequately and unsafely packaged, that the product and package had latent defects which rendered them unreasonably dangerous and that Drackett warranted, both expressly and implicitly, that the product was merchantable and without great danger in its use and that it was fit for the purpose to which it was intended to be put. The question is, consequently, whether the complaint, liberally viewed as a pleading, states valid causes of action on the theories of strict liability and warranty.

Drackett's ground for dismissal is that, under any theory of product liability, no recovery may be allowed when it appears that the infant plaintiff was injured as a result of the misuse

and mishandling of the can of Drano. Drackett points out that the infant plaintiff was neither a buyer nor a third-party beneficiary of the buyer and, therefore, derived no rights under the law of warranty. We cannot say, however, at this pleading stage in the litigation, that the plaintiffs may not ultimately be entitled to recovery.

The allegations in the complaint that Drackett manufactured and marketed a dangerous product, defectively and unsafely packaged, liberally construed (see *Condon v Associated Hosp. Serv.,* 287 NY 411, 414), are fairly susceptible of the claim that inadequate or no warning was given by Drackett of the latent dangers reasonably to be foreseen which might result from the use or misuse of the product. The manufacturer of a dangerous product under such circumstances is under a duty to exercise reasonable care to provide proper warnings *(McLaughlin v Mine Safety Appliances Co.,* 11 NY2d 62, 68-69; *Howard Stores Corp. v Pope,* 1 NY2d 110, 115; *Carey v Hercules Chem. Corp.,* 51 AD2d 697; Restatement, Torts 2d, § 402A; 1 NY PJI2d, 2:135). No longer is it a barrier to recovery that the loss suffered came about as the result of the use of the product by one not the purchaser, or an employee or relative of the purchaser (cf. *Codling v Paglia,* 32 NY2d 330, 338-341). In *Howard Stores Corp. v Pope (supra),* for example, the plaintiffs alleged that a destructive fire occurred when an unknown person ignited lacquer inadequately labeled or unlabeled and that the plaintiffs' building was thereby damaged; the complaint was held to state a cause of action because the cans of lacquer were alleged to be improperly labeled or not labeled at all by the manufacturer and distributor.

Indeed, the true test of liability is not the identity or character of the user who is injured; it is, rather, whether the risks reasonably to be foreseen would arise from a misuse reasonably to be foreseen *(Suchomajcz v Hummel Chem. Co.,* 524 F2d 19, 28; *Mazzi v Greenlee Tool Co.,* 320 F2d 821, 823; *Kuisis v Baldwin-Lima-Hamilton Corp.,* 457 Pa 321). That test is derived from the principle that foreseeability includes the probability of the occurrence of a general type of risk involving the loss, rather than the probability of the occurrence of the precise chain of events preceding the loss (2 Harper and James, Law of Torts, § 18.2, p 1026; § 20.5 [6], pp 1147-1149; and see the particularly perceptive and thorough discussion by WEINSTEIN, J., in *Hall v Du Pont De Nemours & Co.,* 345 F

Supp 353, 362-363, dealing with the question of the liability of the manufacturers of blasting caps which exploded and injured children who found them after the caps had been lost or discarded by the purchasers).[1] Thus, a casual bystander or an aimless interloper may not be excluded from recovery for an injury resulting from a dangerous product, if the injury arose from a reasonably foreseeable risk which might befall a consumer. In this case, given the existence of a dangerous product without proper labeling to warn against the use of excessive water, the fact that Drackett might not foresee the exact series of events (that is, the discarding of the material by the purchaser in the manner described) does not in itself prevent recovery.[2]

An indication that Drano's chemical content might reasonably be foreseen to be dangerous if mixed with water is the statement in the affidavit submitted by Drackett's officer, on its motion to dismiss the complaint, that only one tablespoon of Drano, followed by one cup of water, should be used to clear a drain. Moreover, other instances of the explosive character of Drano appear in the books (*Blue v Drackett Prods. Co.*, 143 So 2d 897 [Fla.]; *Moore v Jewel Tea Co.*, 116 Ill App 2d 109). In any event, the issues of the knowledge of the dangers to be encountered in the use of Drano, the use or misuse by the infant plaintiff of the product, the kind and quality of the warning given by Drackett accompanying the product, the general question of proximate cause under the circumstances and the conduct of the infant plaintiff at the time of the incident, are all matters within the domain of the jury, to be decided upon the proof presented.

We thus uphold the sufficiency of the complaint. As to the procedural matters raised by the plaintiffs' cross motion, we think that Special Term properly denied the relief sought, though granting leave to renew. The relief requested by the plaintiffs concerned parties to the action who had not joined in Drackett's motion to dismiss the complaint. Special Term properly concluded that the interests of orderly procedure

---

1. Other cases which treat the issue of liability where an injury occurs after an unusual but reasonably foreseen use are *Moran v Fabergé* (273 Md 538), *Jonescue v Jewel Home Shopping Serv.* (16 Ill App 3d 339) and *Anderson v Klix Chem. Co.* (256 Ore 199).

2. It is a jury question, for example, whether the manufacturer might reasonably foresee that the product, without container or proper label giving warning, might come into the hands of an ultimate user (*McLaughlin v Mine Safety Appliance Co.*, 11 NY2d 62, 69, *supra*).

preclude consideration of such relief on a cross motion to Drackett's motion.

The order appealed from, accordingly, should be modified by reinstating the complaint, and otherwise affirmed, with $50 costs and disbursements to the plaintiffs.

SHAPIRO, J. (concurring). I concur in the opinion of my brother HOPKINS but, for the sake of clarity, I wish to add the observation that, in my opinion, we are here merely passing upon the sufficiency of the complaint as a pleading and that if, upon the trial, it should appear that Drackett's container was properly labeled to warn prospective users that Drano, when mixed with water, might be dangerous to users of the product, no cause of action would be made out.

GULOTTA, P.J., LATHAM, MARGETT and SHAPIRO, JJ., concur with HOPKINS, J.; SHAPIRO, J., with a separate concurring opinion, in which GULOTTA, P.J., and LATHAM, J., join.

Order of the Supreme Court, Westchester County, dated May 19, 1975, modified by deleting therefrom the first and second decretal paragraphs and by substituting therefor a provision that the motion of defendant Drackett Products Company is denied. As so modified, order affirmed, with $50 costs and disbursements to plaintiffs. Respondent's time to answer is extended until 20 days after entry of the order to be made hereon.