■ YOLANDA McMAHON, Individually and as Administratrix of the Estate of DANIEL J. McMAHON, an Infant, Deceased, Respondent, v COLLINS LUMBER CORPORATION, Appellant. (Action No. 1.) YOLANDA McMAHON, Individually and as Administratrix of the Estate of DANIEL J. McMAHON, an Infant, Deceased, Appellant, v COLLINS LUMBER CORPORATION, Respondent. (Action No. 2.)—Appeal from an order of the Supreme Court at Special Term, entered April 7, 1976 in Rensselaer County, which granted a motion by defendant for summary judgment dismissing the complaint but allowing plaintiff to replead within 10 days of the date of the notice of entry of the order. Appeal from an order of the Supreme Court at Special Term, entered July 29, 1976 in Rensselaer County, which denied a motion by defendant for summary judgment dismissing the amended complaint. This action arises from an accident which occurred on February 14, 1969 when the infant plaintiff was struck and killed by a locomotive owned by the Boston and Maine Railroad and operated by one of its engineers. The accident occurred on a sidetrack leased by the Collins Lumber Corporation from the railroad and located between the main track and the adjacent Collins lumberyard property. At the time of the accident the locomotive was being used to clear snow from the track in order that a shipment of lumber could be delivered to the Collins yard. The plaintiff appeals from an order granting summary judgment dismissing the complaint because, as stated by Special Term, the complaint failed to "allege that the Railroad and its employees were agents

acting within the scope of their authority at the time the alleged negligence was committed". Special Term, however, allowed plaintiff an opportunity to replead and it is from a subsequent order refusing an application for summary judgment dismissing the amended complaint that defendant appeals. In view of plaintiff's amendment of the complaint to conform with the directions of Special Term, we see no reason to disturb the said first order. As to defendant's appeal from the second order referred to above, denying its application for summary judgment, we conclude that there is an issue of fact as to its relationship with the Boston and Main Railroad with respect to the operation of the locomotive on the siding at the time of the accident which can only be resolved by a jury. In any event, and apart from the question of agency, we conclude that the amended complaint herein raises issues of "reasonable care under the circumstances" *(Basso v Miller,* 40 NY2d 233, 241; see, also, *Scurti v City of New York,* 40 NY2d 433) on the part of defendant which are sufficient to defeat an application for summary judgment. Orders affirmed, without costs. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.