■ HERBERT GARDNER, Appellant, v DIXIE PARKING CORP., Now Known as COMPUTERIZED PARKING SYSTEM, INC., et al., Defendants, and OTIS ELEVATOR Co., Respondent. — In an action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered June 24, 1980, which is in favor of defendant Otis Elevator Co. and against plaintiff, upon the trial court's dismissal of the complaint against said defendant at the close of the evidence for failure to prove a prima facie case, at a jury trial. Judgment reversed, on the law, and as between plaintiff and defendant Otis Elevator Co., action severed and new trial granted, with costs to abide the event. The plaintiff was injured when his leg was caught in a gap lifter in an automated parking garage while he was awaiting the delivery of his automobile to street level. The defendant Otis Elevator Co. was joined, along with other defendants, by the plaintiff in an action to recover damages for personal injuries. The action against Otis was based on negligent design and on a breach of warranty that the machinery was fit, safe or proper. At the trial the plaintiff introduced, through the testimony of an expert witness, evidence that Otis' failure to include a "fail-safe" device in the design of the machinery was a departure from sound engineering practice, thereby rendering the machinery defective and dangerous, as a result of which the plaintiff was injured. Trial Term dismissed plaintiff's action against Otis at the end of the case, without allowing the jury to pass on the factual issues. Trial Term made its determination on its finding that "as a matter of law * * * the jury does not have and can't obtain from the record in this case sufficient facts about the mechanical structure of the Otis Elevator controller mechanism, or the mechanisms which made up the entire parking garage system, or its component parts to render an informed judgment." The court stressed the fact that the expert had not seen the equipment, although concededly the garage had been demolished approximately a year after the accident. In the posture in which the case reaches us, we must view the evidence in the aspect most favorable to the plaintiff, giving him the benefit of every inference which can be reasonably drawn from the facts (see Sagorsky v Malyon, 307 NY 584, 587; Owen v Rochester-Penfield Bus Co., 304 NY 457, 459). We hold that Trial Term was in error in dismissing the action on the ground that the expert testimony lacked a basis in the record. In effect, the court found the testimony to be incredible as a matter of law. Given a proper foundation within the record, however, the weight of expert testimony is for the jury (Dougherty v Milliken, 163 NY 527, 533; Commercial Cas. Ins. Co. v Roman, 269 NY 451, 456-457; see, also, Stempel v Chrysler Corp., 495 F2d 1247; Holmgren v Massey-Ferguson, Inc., 516 F2d 856). Here, the evidence upon which the expert witness rested his opinion was fairly in the record. Otis maintains that, even assuming the expert testimony is accepted, the plaintiff did not establish a prima facie case. It is argued that Otis was not under a duty to incorporate a "fail-safe" device into that part of the complex system that Otis manufactured for the parking of automobiles. The record shows that the system was composed of several mechanisms, made by different manufacturers. Nevertheless, there is sufficient in the record also which a jury might accept that the plaintiff's

injury was caused by that part of the system which Otis designed and manufactured. A defect in a product may be the result of improper design for which liability will lie to an injured consumer *(Robinson v Reed-Prentice Div. of Package Mach. Co.,* 49 NY2d 471, 478; Restatement, Torts 2d, §§ 398, 402 A). No product can ever be free from an accident causing harm. What is involved is whether a balancing of the likelihood of harm against the burden of taking precaution against the harm establishes a defect in design *(Micallef v Miehle Co., Div. of Miehle-Goss Dexter,* 39 NY2d 376, 386). The ultimate issue is whether the manufacturer exercised care in the adoption of a safe design *(Bolm v Triumph Corp.,* 33 NY2d 151, 158). The determination of that issue lies within the province of the jury, as well as the issue of whether the plaintiff's conduct in failing to perceive the danger or in misusing the system provided was a substantial factor in causing the injury sustained (cf. *Bolm v Triumph Corp., supra,* p 159; *Tucci v Bossert,* 53 AD2d 291, 293, 294). Hence, we reverse and grant a new trial. Hopkins, J. P., Lazer, Gibbons and Gulotta, JJ., concur.