■ WILBUR M. FISHER et al., Respondents, v JAMES P. KAVOUSSI et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Smyk, J.), entered July 13, 1981 in Chemung County, which denied defendants' motions for summary judgment. In this action, plaintiff Wilbur M. Fisher, an employee of the Small Business Administration, seeks damages for personal injuries allegedly sustained when he fell through the floor of a barn he was inspecting for storm damage located on a farm owned by defendants Kavoussi. Defendant Zimmermann, a former employee of Dr. Kavoussi, answered the telephone while in his office, in the course of which call she is alleged to have arranged the inspection appointment and accompanied plaintiff to the barn. She contends that she gratuitously offered to accompany plaintiff and that she warned plaintiff of the unsafe floor condition. Plaintiffs allege that the Kavoussis, as owners of the property, and Zimmermann, as agent, servant, and employee of the Kavoussis, were negligent in failing to maintain the floor in a reasonably safe condition and by failing to warn him of a dangerous condition. Defendants Kavoussi deny knowledge of the defective

floor and of the scheduled inspection by plaintiff and refute the contention that Zimmermann was their agent, caretaker or custodian. Special Term denied defendants' motions for summary judgment, holding that triable issues of fact existed concerning knowledge of the defective condition, foreseeability of the accident, timely warning, and the legal relationship between defendants, all of which precluded summary judgment. Finally, the court denied Zimmermann's alternative motion for a change of venue on the ground of convenience of witnesses. There should be an affirmance. Summary judgment should not be granted unless it clearly appears that no triable or material issue of fact exists as to a movant's liability. It is well settled that a landowner's duty is measured by a single standard of reasonable care under the circumstances (*Basso v Miller,* 40 NY2d 233). Generally, "[w]hat safety precautions may reasonably be required of a landowner is almost always a question of fact for the jury" (*Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 520, n 8). To establish a prima facie case plaintiff was required to show that defendants' negligence was a substantial cause of the events resulting in injury (*Derdiarian v Felix Contr. Corp.,* 51 NY2d 308). In so doing, it was not necessary for plaintiff to demonstrate that the precise manner in which the accident occurred, or the extent of the injuries, was foreseeable (*id.,* at p 315). "It was enough if there was danger of harm with foreseeable consequences" (*Greaves v Bronx Y.M.C.A.,* 87 AD2d 394, 399 [Fein, J.]). Where the evidence presented allows for varying inferences as to foreseeability and negligence, the issue is for the jury to resolve. Contrary to defendants' contention, the record is replete with triable issues of fact sufficient to preclude summary judgment. By their supporting affidavits, defendants Kavoussis and Zimmermann sharply controvert responsibility for plaintiff's injuries. Each defendant attempts to set forth a prima facie case for summary judgment by denying any negligence on their part, or that any agency existed. As a result, it was incumbent upon plaintiff to come forward and present information in evidentiary form sufficient to create a triable issue of fact (*Zuckerman v City of New York,* 49 NY2d 557, 562). In opposition, plaintiffs submitted the affidavit of an attorney who had no first-hand knowledge of the facts, together with transcripts of examinations before trial of all the respective parties. Although the affirmation of plaintiffs' attorney, made without personal knowledge, was not of sufficient probative value (*Marine Midland Bank v Hall,* 74 AD2d 729), the parties' depositions presented evidentiary facts sufficient to defeat a summary judgment motion (*R.C.S. Farmers Markets Corp. v Great Amer. Ins. Co.,* 56 NY2d 918, revg 82 AD2d 1000). In his examination before trial, plaintiff states that he was injured while inspecting property owned by the Kavoussis; that during the course of the inspection, Zimmermann, who made arrangements for the inspection, directed him to where the roof had been repaired above the loft, but failed to advise him the floor was in any manner defective; and that as he walked across the loft to obtain a closer view, the floor collapsed. Further examination of the record readily establishes the existence of numerous unresolved issues of fact. For example, whether the Kavoussis were aware of the loft condition and plaintiff's impending inspection; whether Zimmermann acted in some representative capacity on behalf of the Kavoussis, or had warned plaintiff not to walk across the loft; whether it was even foreseeable that upon application to the Small Business Administration an inspector would arrive on the premises and conduct an examination of the subject building; and whether plaintiff himself acted unreasonably in the course of the investigation, are all viable issues of fact for a jury to resolve. Furthermore, apart from the factual question of agency (*Ahl v Martin,* 82 AD2d 938), a jury might find Zimmermann liable for having failed to warn Mr. Fisher in an

instance where a failure to warn might result in serious injury (*Christianson v Breen,* 288 NY 435, 439; *McMahon v Collins Lbr. Corp.,* 55 AD2d 974). Zimmermann concedes she undertook to show plaintiff the barn areas and that she was aware of the defects in the loft floor. Although she testified that she warned plaintiff in advance not to walk in the proscribed area, plaintiff openly denies that any such warning was given. This conflict in testimony presents an obvious question of fact for a jury. Finally, Special Term did not abuse its discretion by denying summary judgment, at least in part, pursuant to CPLR 3212 (subd [f]) (*R.C.S. Farmers Markets Corp. v Great Amer. Ins. Co., supra,* pp 920-921). The relationship between defendants, including communications between them as to the floor condition and the appointment for the inspection, presented a matter exclusively within their own knowledge (see *Franklin Nat. Bank of Long Is. v De Giacomo,* 20 AD2d 797). "Credibility of persons having exclusive knowledge of facts should not be determined by affidavits submitted on summary judgment motions, but rather at trial by the trier of facts" (*Koen v Carl Co.,* 70 AD2d 695). In short, credibility should be assessed by a jury. Order affirmed, without costs. Kane, J. P., Main, Mikoll, Weiss and Levine, JJ., concur.