VIRGINIA PONTIATOWSKI, Appellant, v BASKIN-ROBBINS et al., Respondents. — In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Westchester County (Dickinson, J.), dated August 7, 1981, which at the close of plaintiff's case dismissed her complaint as against all defendants, at a jury trial. Judgment reversed, on the law, and new trial granted, with costs to abide the event. In the instant case, plaintiff alleges that while on her way to purchase ice cream, she tripped and fell in the entranceway to a Baskin-Robbins ice cream store, fracturing her right hip. The owner of the subject premises testified that he constructed a vestibule which formed the entranceway to the store. The vestibule had a terrazzo floor with a concrete filler designed to make it "as even as it could be" where it meets the adjoining public sidewalk. There was evidence that at the time of the alleged fall, the difference in elevation between the edge of the vestibule and the adjoining public sidewalk was one to two inches. Plaintiff alleges that she tripped when her foot struck this one- to two-

inch ledge, which formed a hazard due to the negligence of the defendants in maintaining the entranceway to the store. At trial, plaintiff conceded that she commenced a separate lawsuit against the Village of Scarsdale alleging, in her verified complaint, that the village was negligent and had created the condition complained of. At the close of plaintiff's case, the trial court seized on the inferences raised by plaintiff's allegations against the village and ruled, as a matter of law, that plaintiff fell on the public sidewalk which was not under the control, possession, or ownership of the defendants named in the instant lawsuit. Thus, the court dismissed the complaint. In the posture in which this case reaches us, the plaintiff is entitled to every favorable inference which can be reasonably drawn from the evidence presented at trial (see *Tolley v Dogleg Realty Co.,* 89 AD2d 602; *Gardner v Dixie Parking Corp.,* 80 AD2d 577). A directed verdict may only be granted if the jury could not find for the plaintiff by any rational process (see *Cohen v Hallmark Cards,* 45 NY2d 493). Plaintiff was entitled to assert inconsistent causes of action in separate lawsuits, against the defendants named herein and the Village of Scarsdale, respectively (cf. CPLR 3002, 3014). The facts in this case warranted submission to the jury on the issue of where the alleged dangerous condition existed. It would not have been "utterly irrational" for the jury to have found that this condition existed on property under the control, possession, or ownership of defendants (cf. *Cohen v Hallmark Cards, supra,* p 499). Under the circumstances of this case, plaintiff has adequately raised the issue of whether defendants met the reasonable person standard of care for property owners as set forth in *Basso v Miller* (40 NY2d 233). Accordingly, we reverse and grant a new trial. Titone, J. P., Gibbons, Thompson and Bracken, JJ., concur.