■ ROSE O'NEIL, Appellant, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY et al., Respondents. — In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Queens County (Becker, J.), entered October 11, 1983, which, at the close of plaintiff's case, dismissed her complaint as against both defendants, at a jury trial.

Judgment reversed, on the law, with costs, and new trial granted as to both defendants.

On March 21, 1978, at approximately 12:45 P.M., plaintiff, then a 74-year-old woman, fell and was seriously injured while crossing a roadway adjacent to defendant National Airlines' terminal at Kennedy Airport. Plaintiff testified that as she stepped off the sidewalk leading from the parking lot to the terminal, her foot hit an object which caused her to fall down. After she fell, plaintiff looked down at the road and saw a traffic control bump which she had been unable to see previously because it was the same color as the road itself. One of plaintiff's witnesses who was present at the time of the accident confirmed that the bump was neither painted nor marked.

The parties stipulated that the area where plaintiff fell was part of a leasehold interest National acquired from defendant the Port Authority of New York and New Jersey (Port Authority) pursuant to a lease agreement dated July 19, 1966. That lease provided, in relevant part, that Port Authority reserved the right to enter upon and inspect the premises and to make certain repairs thereto at National's expense if National failed to do so after a specified amount of time.

National's former facility maintenance supervisor testified that the traffic control bump had been installed in 1976 to curtail the speed of motor vehicles traveling upon the road in question. He further stated that defendant Port Authority had approved the construction of such bumps in the area, periodically inspected them, and also promulgated certain rules and regulations governing their maintenance. Pursuant thereto, National posted a warning sign for approaching vehicular traffic and semiannually painted the bumps bright yellow, once every late spring and again in early fall. He conceded that there were times, particularly just before a scheduled painting, where the paint had worn off considerably although never completely. The witness further testified that Port Authority had at one time conducted a study of traffic flow in the area around the terminal and was on the premises regularly.

Port Authority, joined by National, moved to dismiss plaintiff's complaint for failure to prove a prima facie case of negligence. The court reserved decision on the motions but then, while considering the parties' requests for jury instructions, determined that, as a matter of law, plaintiff failed to establish the traffic control bump was negligently maintained since it was "clear, open, and obvious" and was "there to be seen by everybody". Thus, it determined that no question of fact existed for the jury. This was error.

The court was obliged to view the evidence in a light most favorable to plaintiff, giving her the benefit of every inference which could be reasonably drawn from the facts presented at trial (*Gardner v Dixie Parking Corp.*, 80 AD2d 577). A motion to dismiss the complaint at the close of the plaintiff's case should not be granted unless it is clear that by no rational process could the jury find in favor of the nonmoving party (*Pontiatowski v Baskin-Robbins*, 91 AD2d 1035; *Keefner v City of Albany*, 77 AD2d 747, *lv denied* 52 NY2d 704). Nor should it be granted merely because there are inconsistencies in the proof or questions of witness credibility (*Rhabb v New York City Hous. Auth.*, 41 NY2d 200). Where varying inferences may be drawn from the evidence adduced, the jury must resolve them (*Fisher v Kavoussi*, 90 AD2d 597).

The record in the instant case contains sufficient evidence of negligence for submission of that issue to the jury (*see, Bloch v Shattuck Co.,* 2 AD2d 20).

We further find that the jury could have reasonably believed that by reserving a right of entry upon the premises for purposes of inspecting the same and making certain repairs thereon, defendant Port Authority had constructive notice of the defective condition "for such a period of time that, in the exercise of reasonable care, [it] should have corrected [the defect]" (*Putnam v Stout,* 38 NY2d 607, 612). Lazer, J. P., Mangano, Gibbons and Rubin, JJ., concur.