■ JETSON AIR CENTER, INC., Respondent, v GREEN DRAKE LEASING Co., Defendant, and STAR JET CO., LTD., Appellant.— In an action to recover damages for breach of contract, the defendant Star Jet Co., Ltd. appeals from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered July 23, 1985, which, upon a jury verdict, is in favor of the plaintiff and against it in the principal sum of $52,269.

Ordered that the judgment is affirmed, with costs.

We have reviewed the evidence and find that under the facts of this case the trial court did not act improperly when it denied the appellant's motions for judgment as a matter of law and for judgment notwithstanding the verdict (see, CPLR 4401, 4404; *Cohen v Hallmark Cards,* 45 NY2d 493, 499; *Dolitsky v Bay Isle Oil Co.,* 111 AD2d 366; *Pontiatowski v Baskin-Robbins,* 91 AD2d 1035, 1036).

Although the appellant contends that it was improper to award damages to the plaintiff because its proof of damages was not as exacting as it contends should be required, in this case the appellant should not be permitted to escape liability because the amount of damages which it caused was not certain. Here, the plaintiff presented sufficient evidence as to the amount of damages and it is apparent that the jury properly applied experience and common sense to the facts proved and awarded damages reasonably calculated to be the result of the appellant's breach (see, *Borne Chem. Co. v Dictrow,* 85 AD2d 646, 651).

Finally, the trial court properly excluded the appellant's proposed exhibits B, D and E as not properly meeting the business records exception to the hearsay rule (see, CPLR 5418 [a]; *Matter of Leon RR,* 48 NY2d 117, 122). A fourth exhibit excluded by the trial court was used by the appellant's witness Rosasco to refresh his recollection during his testimony and the information contained in the exhibit was thereby placed before the jury. Although the document should not have been excluded, its admission would not have had a substantial influence upon the result of the trial and reversal is not warranted on that ground (see, CPLR 2002; *Walker v State of New York,* 111 AD2d 164, 165-166). Bracken, J. P., Rubin, Sullivan and Harwood, JJ., concur.