■ In the Matter of Theresa BB. and Another, Alleged to be Abused Children. Delaware County Department of Social Services, Appellant; Joni CC. et al., Respondents.—Harvey, J. Appeal from an order of the Family Court of Delaware County (Estes, J.), entered March 4, 1986, which dismissed petitioner's application, in a proceeding pursuant to Family Court Act article 10, to adjudicate the children of respondent Joni CC. to be abused.

Respondent Joni CC. (hereinafter respondent) lives in the Town of Masonville, Delaware County. She has two children, one six years old and the other almost nine years old, who reside with her. Since May 1985, a young female lion has been kept on the property by respondent. The lion belongs to respondent who keeps the lion in a wooden coop; a 12-foot by 10-foot wire cage is attached to the coop. Upon receiving a report of the lion's presence, an investigation was conducted by petitioner. Petitioner then commenced this child abuse proceeding alleging that the presence and alleged inadequate housing of this wild animal created a substantial risk of serious physical injury to the children at the residence. A hearing was held in Family Court and petitioner presented testimony of witnesses in support of its contentions. Respondent also testified and, pursuant to a stipulation of the parties,

the order of proof was varied to allow respondent's expert to testify before the close of petitioner's case. At the close of petitioner's proof, respondent moved to dismiss the petition for lack of a prima facie case of child abuse. Written arguments on the motion were presented and, after reviewing the evidence, Family Court granted respondent's motion. Petitioner appealed.

Petitioner's primary argument on appeal is that Family Court failed to apply the proper standard for evaluating proof on the motion to dismiss. Petitioner cites the general rule that, on a motion to dismiss, the evidence is to be viewed in the light most favorable to the nonmoving party (see, e.g., O'Neil v Port Auth., 111 AD2d 375; Van Syckle v Powers, 106 AD2d 711, lv denied 64 NY2d 609). The rationale for this rule is to prevent the court from usurping the jury's duty of weighing reasonable inferences and making factual determinations (see, e.g., O'Neil v Port Auth., supra, at 376; Pontiatowski v Baskin-Robbins, 91 AD2d 1035; Keefner v City of Albany, 77 AD2d 747, 748, lv denied 52 NY2d 704; Siegel, NY Prac § 402, at 529; cf., Cohen v Hallmark Cards, 45 NY2d 493, 498-499). Here, there was no jury. It was Family Court's responsibility to determine facts. Thus, the court's weighing of the evidence, including the evidence offered by respondent, did not constitute a reversible procedural error (cf., Ahnert v State of New York, 127 AD2d 927).

While we do not condone the presence of an inherently dangerous animal near children or any population, it is evident from a review of the record that petitioner failed to submit sufficient evidence to establish child abuse. In order to show child abuse, it was petitioner's burden to prove by a preponderance of the evidence (Family Ct Act § 1046) that respondent's acts created a substantial risk of physical injury to her children by other than accidental means which would be likely to cause death or serious injury (Family Ct Act § 1012 [e]). Here, petitioner failed to prove that the animal was improperly caged. None of petitioner's experts had viewed the lion's cage and only one had seen the animal. Respondent, on the other hand, presented testimony from an expert who had viewed the cage and attested to its sturdiness. Family Court's determination was consistent with petitioner's failure to present credible proof that the lion was potentially dangerous to the children. We further note that if the lion's cage was found insufficient, it is evident that the animal would pose a risk not only to respondent's children but to others in the community as well. It would certainly seem that a proper

exercise of police power or an action to abate the nuisance would be preferable to proceeding against respondent on the theory of child abuse.

Petitioner's remaining contentions have been considered and found meritless.

Order affirmed, without costs. Kane, J. P., Main, Casey, Mikoll and Harvey, JJ., concur.