■ PATRICIA A. COLOZZO, an Infant, by Her Father and Natural Guardian, DONALD COLOZZO, et al., Appellants, v GEORGE LoVECE, Respondent.—In a medical malpractice action to recover damages for personal injuries, the plaintiffs appeal from a judgment of the Supreme Court, Suffolk County (Underwood, J.), entered July 10, 1987, which, upon granting the defendant's motion for judgment as a matter of law following the conclusion of the plaintiffs' case, dismissed the complaint for failure to make out a prima facie case.

Ordered that the judgment is reversed, on the law, the motion is denied, and a new trial is granted, with costs to abide the event.

Following the premature birth of the infant plaintiff on August 26, 1978, the nurses at the hospital noted on her chart on September 6 and 7, 1978, that she was irritable and that she was not feeding well. Since the defendant, who was the

infant plaintiff's pediatrician, thereafter examined her on September 7, 1978, and again on the morning of September 8, 1978, and found her to be in good condition, he arranged for her to be discharged from the hospital on September 8, 1978. Late in the afternoon of September 8, 1978, however, prior to being discharged, the child developed a temperature of 101 degrees and became lethargic. The defendant then began the testing and treatment for sepsis, a bacterial infection of the bloodstream. When the infant plaintiff was eventually discharged from the hospital on September 20, 1978, the defendant indicated on the "Discharge Summary" that she had developed sepsis for which she had been successfully treated. Seven to nine months after her birth, the child was diagnosed as having cerebral palsy.

The defendant testified that after this lawsuit was commenced, he reread the records relating to the infant plaintiff and now believes that his initial diagnosis was incorrect. He stated that the most likely cause of her condition was an intracranial bleed which had probably occurred on September 8, 1978. The testimony of the plaintiffs' experts, a neurological pediatrician and a specialist in the field of neonatology, indicated that in their opinion, the infant plaintiff had suffered from sepsis and that the testing and treatment for that condition should have been initiated no later than September 7, 1978, when the symptoms became apparent. They further testified that her subsequent neurological problem could have been avoided had there been no delay in diagnosing and treating the sepsis.

A motion to dismiss a complaint at the close of a plaintiff's case should not be granted merely because there are inconsistencies in the proof or questions of witness credibility *(see, Rhabb v New York City Hous. Auth.,* 41 NY2d 200; *O'Neil v Port Auth.,* 111 AD2d 375). It is the function of the jury to resolve varying inferences which can be drawn from the evidence adduced *(O'Neil v Port Auth., supra; Kennedy v Peninsula Hosp. Center,* 135 AD2d 788; *Tiernan v Heinzen,* 104 AD2d 645; *Monahan v Weichert,* 82 AD2d 102). The trial court's function, upon a motion for a judgment as a matter of law, is not to weigh the evidence, but rather, "in taking the case from the jury, to determine 'that by no rational process could the trier of the facts base a finding in favor of the [plaintiff] upon the evidence * * * presented' *(Blum v Fresh Grown Preserve Corp.,* 292 NY 241, 245, see, *Lipsius v White,* 91 AD2d 271, 276-277)" *(Dooley v Skodnek,* 138 AD2d 102, 104; *Nicholas v Reason,* 84 AD2d 915).

Viewing the evidence in the light most favorable to the plaintiffs and resolving all questions of credibility in their favor *(see, Alberti v St. John's Episcopal Hospital-Smithtown,* 116 AD2d 612; *Lipsius v White, supra),* we find that there was sufficient evidence adduced from which a reasonable person might conclude that the defendant's acts or omissions constituted a departure from the standards of medical care in the community, and that this departure proximately caused the infant plaintiff's cerebral palsy. Therefore, the plaintiffs established a prima facie case of medical malpractice against the defendant *(see, Amsler v Verrilli,* 119 AD2d 786; *Hylick v Halweil,* 112 AD2d 400). Accordingly, a new trial is granted. Mangano, J. P., Brown, Kooper and Harwood, JJ., concur.