■ FEINBERG & ANSON REAL ESTATE CORP., Respondent, v C.C.L.S. INC., Appellant, et al., Defendant.—In an action to recover damages for breach of contract, the defendant C.C.L.S. Inc. appeals from an order of the Supreme Court, Westchester County (Coppola, J.), dated February 5, 1988, which denied its motion, denominated an application for leave to renew the grant of the plaintiff's prior motion which was for summary judgment in its favor.

Ordered that the order is affirmed, with costs.

Under the facts of this case, the Supreme Court properly denied the appellant's motion. Mollen, P. J., Mangano, Kunzeman and Balletta, JJ., concur.

■ CATERINA FIDELIO et al., Appellants, v C.S. GOODFRIEND & COMPANY, INC., et al., Respondents.—In an action to recover damages for personal injuries, etc., the plaintiffs appeal, on the ground of inadequacy, from a judgment of the Supreme Court, Westchester County (Wood, J.), entered March 9, 1988, which, upon a jury verdict, was in favor of the plaintiffs and against the defendants in the principal sum of only $15,000.

Ordered that the judgment is reversed, on the law, with costs, and a new trial is granted as to the issue of damages only. No issues as to liability have been raised or considered.

The trial court improperly granted the defendants' motion to remove the claim of permanent injury from the case. Looking to substance rather than to form, and regarding the record as a whole, we find that the opinion of both the plaintiffs' and the defendants' experts related the plaintiff's injuries to the accident at issue, and projected their duration into the indefinite future (see, Matott v Ward, 48 NY2d 455). Indeed, the plaintiffs' neurologist gave as his opinion "with a reasonable degree of medical certainty" "that there will be some degree of permanency" of the injury sustained by the plaintiff to her neck. There was therefore sufficient evidence of permanency in the record for the issue to have been submitted to the jury (Gardner v Dixie Parking Corp., 80 AD2d 577).

In view of our disposition of this issue, we do not address the plaintiffs' remaining contentions. Mollen, P. J., Mangano, Kunzeman and Balletta, JJ., concur.