■ HARRIET XENAKIS, Appellant, v GEORGE VORILAS et al., Respondents.—In a negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Vinik, J.), dated February 7, 1989, which granted the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law at the close of evidence.

Ordered that the order is reversed, on the law, and a new trial is granted, with costs to abide the event.

It is well settled that an abutting landowner will not be liable to a pedestrian who is injured while passing by on a public sidewalk unless the landowner created the defective condition or caused the defect to arise as a result of some special use, or unless a statute or ordinance places an obligation to maintain the sidewalk upon the landowner *(see, Sheehan v Rubenstein,* 154 AD2d 663; *Surowiec v City of New York,* 139 AD2d 727). In the instant case, the plaintiff alleged that the defendants had negligently repaired the sidewalk in front of their house and that this negligence was a proximate cause of her injuries *(see, Kaszovitz v Weiszman,* 110 AD2d 117). The trial court, however, granted judgment to the defendants as a matter of law *(see,* CPLR 4401) finding that the plaintiff failed to prove a prima facie case *(see, Lodato v Town of Oyster Bay,* 68 AD2d 904) by failing to establish that the repairs which had been negligently performed upon the sidewalk had, in fact, been performed by the defendants. We now reverse.

To grant a defendant's motion for judgment as a matter of law at the close of the evidence, the court must find, viewing the evidence in a light most favorable to the plaintiff and

giving it the benefit of every reasonable inference *(see, Petrov-ski v Fornes,* 125 AD2d 972; *O'Neil v Port Auth.,* 111 AD2d 375),* that by no rational process could the jury have found in favor of the plaintiff *(see, O'Neil v Port Auth., supra; see also, Pontiatowski v Baskin-Robbins,* 91 AD2d 1035; *Keefner v City of Albany,* 77 AD2d 747). In the case at bar, the plaintiff met her evidentiary burden. The evidence, including the testimony of the plaintiff's expert, when viewed in the appropriate light, could reasonably lead a rational jury to conclude that it was the defendants who negligently repaired the sidewalk upon which she was injured. Accordingly, the court should not have granted the plaintiff judgment as a matter of law, and the plaintiff is granted a new trial.

In light of this conclusion, we need not reach the plaintiff's remaining argument. Sullivan, J. P., Miller, O'Brien and Ritter, JJ., concur.