■ STEVEN MARTELL, Appellant, v CHRYSLER CORPORATION, Respondent. (Appeal No. 1.)—Order unanimously affirmed without costs. Memorandum: In this products liability action, Supreme Court did not abuse its discretion in ordering a bifurcated trial of the issues of liability and damages *(see,* 22 NYCRR 202.42 [a]). We reject plaintiff's contention that the court's ruling effectively precluded him from proving the cause of his injuries. Although the court did not allow plaintiff to offer proof regarding pain and suffering or economic damage, he was afforded considerable latitude to develop the nature and extent of his injuries as they related to the liability aspect of his case. In that regard, plaintiff's expert, a

biomedical and biomechanical engineer, was permitted to testify at length about plaintiff's injuries and his entire 650-page medical history was admitted into evidence. Because plaintiff was fully able to present the issue of liability to the jury, there is no merit to plaintiff's contention that he was prejudiced or denied a fair trial by the court's ruling.

Although the court's initial instructions on the issue of plaintiff's negligence might well have been the source of some confusion, we find that the supplemental instructions given by the court, when considered in the context of the whole charge, conveyed the appropriate standard to the jury. Plaintiff has failed to preserve for our review his further contention that the court's supplemental instructions on products liability were erroneous (see, CPLR 4110-b, 5501 [a] [3]; *Byrd v Genesee Hosp.,* 110 AD2d 1051).

We find no basis in this record to disturb the jury's verdict as being against the weight of the evidence. The verdict, which resolved conflicting expert testimony concerning the design of the seat belt system in favor of defendant, is supported by a fair interpretation of the evidence (see, *Crumb v Fallon,* 156 AD2d 949; *Kuncio v Fillmore Hosp.,* 117 AD2d 975, *lv denied* 68 NY2d 608). We have considered plaintiff's remaining contentions and find them to be without merit. (Appeal from Order of Supreme Court, Onondaga County, Murphy, J.—Dismiss Complaint.) Present—Callahan, J. P., Boomer, Pine, Fallon and Doerr, JJ.