■ JOSEPH A. GRIZZANTO, Appellant-Respondent, v GOLUB CORPORATION, Doing Business as PRICE CHOPPER SUPERMAR-KETS, Respondent-Appellant. (Appeal No. 1.)—Judgment unan-imously reversed on the law with costs to plaintiff and new trial granted. Memorandum: Supreme Court erroneously granted defendant's motion for a directed verdict. A motion to dismiss a complaint at the close of the plaintiff's case should not be granted unless it is clear that there is no rational basis whereby the jury might find in favor of the plaintiff *(see, Rhabb v New York City Hous. Auth.,* 41 NY2d 200, 202; *Spano v County of Onondaga,* 135 AD2d 1091, *appeal dismissed* 71 NY2d 994; *Dolitsky v Bay Isle Oil Co.,* 111 AD2d 366; *Ehlinger v Board of Educ.,* 96 AD2d 708, 709).

Plaintiff testified that he tripped over a wooden pallet in the aisle of defendant's supermarket, causing him to fall down and strike his head. There is also testimony that the pallet had merchandise on it, but was not full, and approximately two inches around the base of the pallet was exposed. The court must view that evidence in the light most favorable to the plaintiff, giving him the benefit of every favorable infer-ence that could reasonably be drawn from the evidence *(see, Rhabb v New York City Hous. Auth., supra; Spano v County of Onondaga, supra).* Where different inferences may be drawn from the evidence or the credibility of witnesses is in question, the jury must resolve them *(O'Neil v Port Auth.,* 111 AD2d 375, 376; *Fisher v Kavoussi,* 90 AD2d 597).

We conclude that the testimony was sufficient to establish a prima facie case of negligence on the part of defendant. Thus, the court erred when it resolved that issue as a matter of law rather than submitting the question of defendant's negligence to the jury *(see, Spano v County of Onondaga, supra; see also, O'Neil v Port Auth., supra).*

Since there must be a new trial, we note that the court improvidently examined the plaintiff in a manner from which the jury might gain the impression of the existence of an opinion on the part of the court regarding the credibility of the plaintiff or the merits of the critical issue in the case *(see, People v Moulton,* 43 NY2d 944, 945). (Appeals from Judgment of Supreme Court, Oneida County, Tenney, J.—Negligence.)

Present—Callahan, J. P., Boomer, Green, Lawton and Boehm, JJ.