■ Sam Stea et al., Appellants, v City of New York, Respondent. [660 NYS2d 997] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Moskowitz, J.), dated June 6, 1995, which, upon an order granting a motion by the defendant City of New York, made at the close of evidence for judgment as a matter of law, is in favor of the defendant and against it, dismissing the action.

Ordered that the judgment is affirmed, with costs.

We decline to disturb the Supreme Court's dismissal of the complaint at the close of the evidence (*see,* CPLR 4401). Viewing the evidence in the light most favorable to the plaintiffs and giving them the benefit of every reasonable inference, there is no rational process by which the jury could have found in their favor (*see, Xenakis v Vorilas,* 166 AD2d 586). At trial, the plaintiffs sought to prove that the accidental shooting of the injured plaintiff, police officer Sam Stea, resulted from his fellow officer having a finger on the trigger of his weapon, which, it was claimed, constituted an improper use of deadly force in violation of the Police Department's Patrol Guide Procedure 104-1. It was elicited at trial, however, that Patrol Guide Procedure 104-1 contains no prohibition to that effect. Accordingly, the jury could not have found that Officer Stea's injuries

resulted from a violation of either a government pronouncement imposing clear legal duties, or a well-developed body of law and regulation mandating the performance or nonperformance of specific acts (*see, Desmond v City of New York,* 88 NY2d 455, 464).

In light of this conclusion, we need not reach the City's remaining arguments. Sullivan, J. P., Pizzuto, Santucci and Joy, JJ., concur.