■ Soo BOK LEE, Doing Business as LENOX SPORTING GOODS, Respondent, et al., Plaintiff, v EIGHTEEN VENTURE ASSOCIATES

et al., Appellants. (And a Third-Party Action.) [671 NYS2d 76] —Judgment, Supreme Court, New York County (John Buckley, J.), entered March 19, 1997, upon a jury verdict, which, to the extent appealed from as limited by defendants-appellants' brief, awarded plaintiff-respondent the principal amount of $169,416.07, unanimously affirmed, with costs.

Viewing the evidence, as is appropriate at this juncture, in the light most favorable to plaintiff-respondent who prevailed at the trial of this matter (*see, O'Neil v Port Auth.*, 111 AD2d 375, 376), we find that a prima facie case was made out to impose liability upon defendant landlords for fire damage to commercial premises leased by plaintiff from them. Plaintiff's evidence was sufficient to support the inference that defendants in their capacity as landlords of the subject premises, although out of possession, retained a sufficient degree of control over the premises to render them responsible for failing to remedy hazardous and negligent conditions thereon of which they had knowledge. There was, additionally, proof before the jury to support its conclusion that landlord defendants had at least constructive knowledge of the hazardous condition found to have caused the fire that damaged plaintiff's commercial leasehold, and proof that although defendants had the opportunity to correct the condition, they did not do so (*see, Negri v Stop & Shop*, 65 NY2d 625, 626). Our review of the record discloses no ground upon which these inferences might be disturbed as inconsistent with the proper weight of the evidence (*see, Cohen v Hallmark Cards*, 45 NY2d 493, 498).

Finally, the trial court's adaptation of PJI 2:72 was adequate to apprise the jury respecting the principles of intervening and superseding causation and their possible relevance to the facts of the instant case, and, accordingly, specific instructions, or the inclusion on the verdict sheet of a specific question regarding arson as a superseding cause, were not necessary. We note, moreover, that, contrary to defendants' contention, arson would not, under the facts of this case in which defendants were found to have been aware of the presence of flammable liquids in the basement of their building, necessarily have been a superseding cause of plaintiff's harm and, indeed, it would have been error for the trial court to charge the jury to that effect (*see, Cohen v Hallmark Cards, supra,* at 499).

We have reviewed defendants' remaining contentions and find them to be without merit. Concur—Lerner, P. J., Sullivan, Milonas, Ellerin and Andrias, JJ.