■ DIANA RIVERA, as Guardian for DENISE RIVERA, Appellant, v EASTERN PARAMEDICS, INC., Respondent. [702 NYS2d 724] —Judgment unanimously affirmed without costs. Memorandum: Plaintiff, as guardian for Denise Rivera, commenced this action against defendant alleging that Denise's brain injuries were caused by the negligence of defendant's employees in failing to establish and maintain an adequate airway for Denise during post-accident emergency treatment. Following a jury trial, a verdict was returned in defendant's favor. There is no reason to disturb that verdict.

Contrary to plaintiff's contention, Supreme Court properly declined to give a *Noseworthy* charge because Denise's inability to testify was not caused by defendant's negligence (*see generally, Holiday v Huntington Hosp.*, 164 AD2d 424, 427-428). Furthermore, because plaintiff did not prove that Denise's injuries were the kind that ordinarily do not occur in the absence of someone's negligence, that those injuries were caused by an agency or instrumentality within the exclusive control of defendant, or that the actions of Denise did not contribute to her own injuries, the court properly declined to give a res ipsa loquitur charge (*see, Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 226; *Di Santo v County of Westchester*, 210 AD2d 628, 629). We agree with plaintiff that the court's statements, "we like unanimous verdicts if at all possible, but five out of six of you is sufficient" and "[a]gain, if possible we would like a unanimous verdict, but our law does not require it" were inartful, but conclude that the court's charge, as a whole, conveyed the proper legal standard to the jury (*see, Martell v Chrysler Corp.*, 186 AD2d 1059, 1060; *see also, People v Swift*, 241 AD2d 949, 950, *lv denied* 91 NY2d 881, 1013). We have examined plaintiff's remaining contentions concerning the court's charge and conclude that they are lacking in merit.

We disagree with plaintiff that evidence concerning the acts of one of the firefighters under the direction of an employee of defendant should have been precluded in the absence of appropriately pleaded allegations under CPLR article 16. That article of the CPLR does not apply to the facts of this case because defendant was not attempting to apportion liability to the firefighter and away from itself; rather, defendant admitted that it took responsibility for the actions of the firefighter in giving emergency medical care. The court stated to the jury in its charge that the firefighter, when giving medical care, was under the direction of defendant. Plaintiff's failure to make a postcharge, predeliberation objection concerning the wording of that part of the charge renders plaintiff's contention unpreserved for our review (*see*, CPLR 4110-b).

The court properly dismissed the claim for pain and suffering because plaintiff did not meet the threshold burden of proving a level of consciousness for at least some period of time that would warrant that award (*see, Cummins v County of Onondaga*, 84 NY2d 322, 324). The court also properly determined, in the exercise of its discretion (*see, Bodensteiner v Vannais*, 167 AD2d 954), that the audio portion of a videotape was inadmissible because of the hearsay description of Denise's care and comments made by nurses, which would not be subject

to cross examination (*see*, Prince, Richardson on Evidence § 8-102 [Farrell 11th ed]).

We have examined plaintiff's remaining contention and conclude that it is lacking in merit. (Appeal from Judgment of Supreme Court, Onondaga County, Elliott, J.—Negligence.) Present—Green, J. P., Lawton, Pigott, Jr., Scudder and Callahan, JJ.