■ TAMELA M. PETERS, as Parent and Natural Guardian of CHRISTOPHER M. SMITH, an Infant, Respondent, v ROME CITY SCHOOL DISTRICT, Appellant. (Appeal No. 1.) [748 NYS2d 77] —Appeal from an order of Supreme Court, Oneida County (Ringrose, J.), entered April 30, 2001, which denied defendant's motion to set aside the verdict.

■ TAMELA M. PETERS, as Parent and Natural Guardian of CHRISTOPHER M. SMITH, an Infant, Respondent, v ROME CITY SCHOOL DISTRICT, Appellant. (Appeal No. 2.) [747 NYS2d 867] —Appeal from a judgment of Supreme Court, Oneida County (Ringrose, J.), entered April 30, 2001, awarding plaintiff $117,333 upon a jury verdict in favor of plaintiff.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly denied defendant's motion to set aside the jury verdict awarding plaintiff damages in the amount of $75,000 and properly granted plaintiff's cross motion for an award of attorney's fees. Plaintiff commenced this action on behalf of her son, Christopher, asserting causes of action for, inter alia, false imprisonment, negligent infliction of emotional distress and a violation of the prohibition against unlawful seizure under the Fourth Amendment of the United States Constitution.

During the 1992-1993 school year, defendant developed an individualized education plan (IEP) for Christopher, who has a learning disability and was then in the second grade. As part of the IEP, to which plaintiff consented, defendant developed a behavior plan that included the use of a "time-out" room as the

last resort to correct inappropriate behavior exhibited by Christopher in the classroom. It is undisputed that Christopher was placed in the time-out room 75 times from October 1992 to March 19, 1993. On March 19, 1993, plaintiff observed that Christopher's hands were reddened and blistered as a result of Christopher's efforts to open the door in order to leave the time-out room. Although the door was not locked, a staff person held the door closed if Christopher attempted to leave the time-out room. It is also undisputed that the time-out room was "small," although there is no evidence in the record concerning its precise dimensions. It is further undisputed that the time-out room was unfurnished and had padding on the walls, door and floor to ensure a child's safety. Although defendant notified plaintiff each time Christopher was placed in the time-out room, plaintiff did not observe the room until March 22, 1993, and she testified at trial that it lacked ventilation and had an odor of "dirty feet [and] urine," and she described the padding on the floor as ripped and dirty. Defendant's expert testified at trial that there was nothing inappropriate about the room. It is undisputed that Christopher was not permitted to leave the time-out room until he had remained seated in an upright position without moving for three consecutive minutes; that on at least one occasion Christopher fell asleep in the room; and that there were occasions when Christopher was confined to the room for periods in excess of one hour.

Contrary to the contention of defendant, the court properly denied its motion pursuant to CPLR 4401 seeking to dismiss the complaint at the close of plaintiff's proof. "A motion to dismiss a complaint at the close of the plaintiff's case should not be granted unless it is clear that there is no rational basis whereby the jury might find in favor of the plaintiff" (*Grizzanto v Golub Corp.*, 188 AD2d 1015, 1015; *see Allinger v City of Utica*, 226 AD2d 1118, 1119). With respect to the cause of action for false imprisonment, we conclude that there was evidence from which the jury could rationally find that defendant intended to confine Christopher; that Christopher was conscious of the confinement; that in consenting to the IEP plaintiff did not thereby consent to Christopher's confinement in the time-out room inasmuch as plaintiff was unaware of the conditions of the room or Christopher's reaction to placement in the room; and that the confinement was not otherwise privileged (*see Broughton v State of New York*, 37 NY2d 451, 456-457, *cert denied sub nom. Schanbarger v Kellogg*, 423 US 929).

With respect to the cause of action for negligent infliction of emotional distress, we conclude that there was evidence from

which the jury could rationally find that defendant breached a duty owed to Christopher and thereby endangered Christopher's safety or caused Christopher to fear for his physical safety (*see Brown v New York City Health & Hosps. Corp.,* 225 AD2d 36, 44). With respect to that cause of action, we further conclude that there was evidence from which the jury could rationally find that the frequency, duration and manner of confinement were "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (*Dillon v City of New York,* 261 AD2d 34, 41 [internal quotation marks omitted]). The evidence presented by plaintiff included, inter alia, the testimony of Christopher that he was placed face-down on the floor and physically restrained in the time-out room. We further conclude that the jury could rationally find that the seizure of Christopher by defendant was not reasonable under the circumstances and that defendant thereby violated Christopher's rights under the Fourth Amendment of the United States Constitution (*see Rasmus v State of Arizona,* 939 F Supp 709, 713-714 [US Dist Ct, Ariz]; *see generally New Jersey v T.L.O.,* 469 US 325, 334).

Also contrary to the contention of defendant, the court properly denied its motion seeking to set aside the verdict as against the weight of the evidence. "A jury verdict should not be set aside as against the weight of evidence unless it is palpably wrong and there is no fair interpretation of the evidence to support the jury's conclusion or the verdict is not one reasonable persons could have rendered after receiving conflicting evidence" (*Riggio v New Creation Fellowship of Buffalo,* 249 AD2d 942, 942; *see Lolik v Big V Supermarkets,* 86 NY2d 744, 746).

Defendant did not object to the court's failure to instruct the jury that defendant had a privilege pursuant to federal and state law to confine a student in the time-out room, and failed to object to the court's charge regarding the reasonableness of the seizure of Christopher. Thus, defendant failed to preserve for our review its contentions that the charge was improper in those respects (*see* CPLR 4110-b; *Rivera v Eastern Paramedics,* 267 AD2d 1029, 1030). Finally, we conclude that the verdict awarding plaintiff damages of $75,000 is not excessive (*see generally* 5501 [c]). Present—Green, J.P., Wisner, Scudder, Burns and Gorski, JJ.