JOHN C. HOFFMAN, Appellant, v. GEORGE W. WHITBREAD, Respondent.— Order as resettled, denying "plaintiff's motion to dismiss the counterclaims, defenses and setoffs contained in the defendant's answer," reversed upon the law, with ten dollars costs and disbursements, motion granted, with ten dollars costs, counterclaim dismissed, and defenses and so-called setoffs stricken out; with leave to defendant to plead over within ten days upon payment of said costs. No valid counterclaim or defense is set forth in the answer. Defendant failed to allege performance or readiness and willingness to perform the contract alleged by him. The bringing of the action in equity by plaintiff and the motion for a temporary receiver and the submission of the differences to the court were not a violation of the contract. The defendant's contract to guarantee eight per cent dividends was not usurious. (*McAnsh* v. *Blauner*, 222 App. Div. 381.) Lazansky, P. J., Kapper, Seeger, Carswell and Scudder, JJ., concur.

CHARLES HYDE and SALLY HYDE, Appellants, v. WILLIAM J. DALTON, as Mayor of the City of Long Beach, N. Y., and Others, Respondents.— Judgment, in so far as appealed from, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ.

THE IRVMOR CORPORATION, Respondent, v. CHARLES RODEWALD, Also Known as "CARL" RODEWALD, Appellant.— Judgment affirmed, with costs. No opinion. Lazansky, P. J., Young, Seeger and Carswell, JJ., concur; Hagarty, J., dissents.

JESSAR REALTY CORPORATION, Appellant, v. THE LOUIS FRIEDMAN REALTY Co., INC., Respondent.— Judgment reversed upon the law and the facts, with costs, and judgment directed in favor of plaintiff for the relief demanded in the complaint, with costs, including the impressment of a lien for the amount specified. Where doubt exists as to the true construction of a contract, equity should favor that construction which obviates a harsh result or avoids a forfeiture. It is apparent that neither party to the contract realized when it was made that April 15, 1928, was a Sunday and that for that reason the acts required of the plaintiff could not be performed on that day. Section 25 of the General Construction Law requires a holding that the time within which the act required under the contract to be done by the plaintiff on or before April 15, 1928, might be performed on the next business day, to wit, April 16, 1928. As a consequence the sending of the registered letter on April 16, 1928, by the plaintiff was a compliance with the contract herein. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made. Lazansky, P. J., Young, Seeger and Carswell, JJ., concur; Hagarty, J., dissents. Settle order on notice.