■ JOHN K. KULANSKI et al., Appellants, v. CELIA HOMES, INC., Respondent.— In an action by the vendees named in a contract for the purchase and sale of real property to recover money paid on account thereof, to adjudge that they have a lien on the real property, and to foreclose such lien, the appeal is from a judgment dismissing the complaint entered on a decision granting a motion pursuant to section 549 of the Civil Practice Act to set aside a previous decision in favor of appellants entered after trial. Judgment reversed on the law and facts, with costs, judgment directed in favor of appellants, without costs, for $3,950, with interest on $3,000 from January 17, 1955, interest on $800 from February 9, 1955, and interest on $150 from March 31, 1955, and matter remitted to the Special Term for the entry of a judgment, on notice, not inconsistent herewith. At said time, proof may be presented as to whether a lien may be granted in the judgment, since the property has been sold by respondent to another person, and two and one-half years have elapsed since the judgment appealed from was entered. A finding is made that on May 31, 1955, the contract required respondent to "grant title and occupancy" by May 30, 1955 and that the contract was unenforcible by respondent since it failed to offer to "grant title and occupancy" by May 30, 1955. The finding that appellants were ready to close title on May 31, 1955 is reversed and a contrary finding made. The other findings of fact, not inconsistent herewith, are affirmed. Appellants as purchasers entered into a contract, dated January 17, 1955, with respondent as seller whereby appellants agreed to purchase a lot and a house to be erected thereon by respondent, similar to, but not identical with, a model house. The contract provided that "The deed shall be delivered upon the receipt of said payment at the office of the lending institution or at a time and place designated by the seller upon five (5) days' written notice from the seller to the purchaser at the address hereinabove stated. Title closing as per rider." Clause 19 of the rider which was part of the contract provided that "Upon the seller's failure to concurrently grant title and occupancy by May 30, 1955, as herein stated, this contract shall be deemed cancelled at purchasers' option without further notice on the part of the purchaser and the money paid hereunder to the seller be returned to the purchaser." Time was clearly of the essence. On May 26, 1955, appellants received a letter from respondent's attorney, dated May 25, 1955, stating that closing of title would take place at a stated time and place on May 31, 1955, and that it was impossible to close title on May 30 due to the fact that it was a legal holiday. The letter did not mention the subject of occupancy. On May 26, 1955, after receipt by appellants of the letter dated May 25, 1955, appellants' attorney sent a letter to respondent referring to defects in the site and in the house, and to clause 19 of the rider, stating that appellants had elected to cancel their

contract, and demanding that all payments made under the contract be refunded to them. On May 31 respondent had people working in the house, and it was substantially, but not entirely, completed. There were provisions in the rider as to warranties that would have survived the acceptance of the deed. Since an F. H. A. mortgage was involved, it appears that a warranty required under the rules of the Federal Housing Administrator would also have survived the acceptance of the deed. Respondent's offer to convey title on May 31, 1955 was inconsistent with clause 19 of the rider. It does not appear that there was any legal barrier, except the fact that the house under construction had not been entirely completed, which prevented respondent from offering to "grant title and occupancy" prior to May 31 despite the fact that May 30, Memorial Day, was a public holiday (see, e.g., *Page* v. *Shainwald,* 169 N. Y. 246; *Morel* v. *Stearns,* 37 Misc. 486; cf. General Construction Law, § 25; *Wax* v. *Langdon Co.,* 88 Misc. 5). Section 25 of the General Construction Law provides for an extension of time when the performance of an act authorized or required by contract is due on Sunday or on a public holiday or within a period involving Sunday or a public holiday in the computation of the period. That section is of no avail to respondent, for the provisions thereof are inapplicable when "the contract expressly or impliedly indicates a different intent" (see, e.g., *Jessar Realty Corp.* v. *Friedman Realty Co.,* 253 N. Y. 298, revg. 227 App. Div. 733). Wenzel, Ughetta and Kleinfeld, JJ., concur; Nolan, P. J., and Hallinan, J., dissent and vote to affirm.