HARRY LEVY, Doing Business as HARRY LEVY REALTY Co., Respondent, v. ROBERT HAYMAN et al., Appellants.— In an action by a licensed real estate broker to recover commissions alleged to have been earned when he procured a purchaser (one Lifshitz) ready, willing and able to purchase the property on the owners' terms, the appeal is from a judgment of the City Court of Mount Vernon rendered after trial by the court without a jury in favor of the broker. Judgment reversed on the law and the facts, with costs, and complaint dismissed. It appears from the testimony of respondent's principal witness that respondent failed to produce a purchaser ready, willing and able to buy the property subsequently sold to Lifshitz and concededly did nothing to induce him to buy. When a broker opens negotiations between parties but, failing to bring the customer to the terms as specified by the owner, abandons them and when the owner subsequently sells to the same person, the owner is not liable to the broker for commissions. (*Wylie* v. *Marine Nat. Bank,* 61 N. Y. 415; *Teves* v. *Thieringer,* 281 App. Div. 752; *Salzano* v. *Pellillo,* 4 A D 2d 789.) Nolan, P. J., Murphy, Ughetta and Hallinan, JJ., concur; Beldock, J., dissents and votes to affirm, with the following memorandum: Respondent claimed that he procured two customers (Mazer and his father-in-law, Lifshitz) each of whom actually purchased separate properties from the owners. The contracts of sale to both of these purchasers were signed simultaneously on December 30, 1954. A commission was paid by the owners to respondent on the Mazer sale, but not on the Lifshitz sale. No reason appears for any difference. A statement that there was "no broker" had been crossed out of the contract with Lifshitz, and in its place a provision was inserted that the owners would pay the brokerage, if any, pursuant to a separate agreement with the broker. This indicates to me an admission by the owners that brokerage was due.

WINFIELD V. LIEKENS, Appellant, v. VINCENT F. DE MARIA, Respondent.— In an action to recover money fraudulently converted, and for other relief, the appeal is from so much of an order as granted respondent's motion to the extent of deleting from a judgment a provision for execution against the person. Order insofar as appealed from affirmed, with $10 costs and disbursements. (*Arnold* v. *National Plastikwear Fashions,* 6 A D 2d 411.) Nolan, P. J., Wenzel, Murphy, Hallinan and Kleinfeld, JJ., concur.

LORETTA R. MATTHEWS et al., Appellants, v. BERNARD J. PISANI, Respondent, et al., Defendant.— In an action to recover damages for personal injuries and for medical expenses and loss of services, the appeal is from so much of a judgment as was entered on the dismissal of the complaint as against respondent at the close of appellants' case. Judgment insofar as appealed from unanimously affirmed, with costs. No opinion. Present — Beldock, Acting P. J., Murphy, Ughetta, Hallinan and Kleinfeld, JJ.