## (May 29, 1962)

ARTHUR D. EMIL, Respondent, v. HAMBURG HEAVEN, INC., Appellant, et al., Defendants.

APPEAL from a judgment of the Supreme Court in favor of plaintiff, entered June 16, 1961 in New York County, upon a verdict rendered at a Special and Trial Term.

*Per Curiam.*   Defendant Hamburg Heaven, Inc., appeals from a judgment entered June 16, 1961, in the sum of $8,588.35 in favor of plaintiff-respondent.

This action was brought to recover a broker's commission.   The amended complaint contains four causes of action.   The first two causes were against appellant and alleged a breach of contract by appellant.   The third and fourth causes were against Phyllis S. Moffett (herein Moffett) as sole stockholder and president of appellant, and against Douglas L. Elliman & Co., Inc. (herein Elliman), the broker in the transaction complained of, alleging that they intentionally and maliciously induced appellant to repudiate its contract with plaintiff.

The property involved was sold for the sum of $300,000, with the purchaser, Union News Company, and the seller, appellant herein, each paying one half of the $15,000 broker's commission to Elliman.

Plaintiff-respondent alleged that he was retained by appellant to procure a purchaser for certain property owned by appellant; that appellant agreed in writing to pay respondent 5% of the sale price; that he procured Union News Company as a purchaser, but that appellant failed and refused to pay the consideration agreed upon.

After a trial, the jury returned a verdict in favor of plaintiff-respondent against appellant on the first two causes of action in the amount of $7,500, but its verdict on the third and fourth causes was in favor of Moffett and Elliman.

Respondent relies upon two letters, dated June 4 and June 12, 1959, respectively, as constituting the written agreement between the parties.   The letter of June 4, 1959, drafted by respondent, amended by appellant, and sent to respondent at his suggestion, was an agreement to pay respondent a broker's commission of a sum equal to 5% of the purchase price if respondent obtained a purchaser for the business.   The agreement was to apply and " only take effect when, as and if, the transaction actually closes, and we receive full payment." On June 12, 1959, respondent sent a letter to appellant referring to the letter of June 4, 1959.   In the June 12 letter respondent stated no commission was payable unless a written contract of sale was entered into and down payment under the contract paid.

Proof adduced by respondent at the trial was that on June 3, 1959, he met with the president of Union News Company who offered $200,000 to $250,000 as the possible maximum. Respondent testified that he related the conversation to Mrs. Moffett and she instructed him to do nothing further about it at that time. Respondent complied with the instruction and thereafter concentrated on other prospective purchasers. On July 14, 1959, he met with Mrs. Moffett and others in behalf of certain prospective purchasers, but the parties were unable to agree upon terms. Respondent was informed that unless they did so quickly, a deal would be made with Union News Company. On July 17, 1959, a contract of sale was entered into between appellant and Union News Company.

The record does not support the charge of bad faith on the part of appellant. Moreover, the verdict on the third and fourth causes was for the defendants, the jury finding that no wrongful or malicious act was done by Mrs. Moffett or Elliman which caused a repudiation of the contract. No appeal was taken therefrom.

Plaintiff was not the exclusive broker and there is no evidence that appellant terminated this agreement to avoid payment of a broker's commission. In fact, a broker's commission was paid. Additionally, the purchase price was substantially higher than any offer respondent had ever been able to obtain from the buyer even in an attempted deal some years before. The mere fact that respondent might have brought this property to the attention of Union News Company (though this is disputed) or even that he instituted negotiations, would not alone entitle him to commissions. There is nothing to show that respondent could have succeeded, that the sale was brought about by respondent's efforts, or that he was purposely prevented from doing so by the acts of appellant. Thus, respondent is not entitled to commissions (*Sibbald* v. *Bethlehem Iron Co.*, 83 N. Y. 378; *Newberry & Co.* v. *Warnecke & Co.*, 267 App. Div. 418, affd. 293 N. Y. 698; *Douglas Real Estate Management Corp.* v. *Montgomery Ward & Co.*, 3 A D 2d 146, affd. 4 N Y 2d 33).

Moreover, respondent sued appellant on an express agreement, not in *quantum meruit*. If the evidence warranted it, he was entitled to a full commission of $15,000 on the first and second causes, or nothing at all and the jury should have been so instructed. As to those causes, a verdict for $7,500 cannot stand.

The judgment appealed from should be reversed on the law and the complaint dismissed, with costs to the appellant. Even if the action were not dismissed, the error in the charge would have warranted a new trial.

Rabin, J. P., Valente, McNally, Stevens and Eager, JJ., concur.

Judgment so far as appealed from unanimously reversed on the law, and the complaint dismissed, with costs to the appellant.