■ GERALD W. BASHANT, Appellant, v DOMINICK SPINELLA et al., Respondents.—Judgment affirmed, with costs. Memorandum: On this appeal plaintiff real estate broker asserts that the court erred in granting defendants' motion for directed verdict at the close of plaintiff's case for a real estate commission on the sale of defendants' golf course. Plaintiff contends that the evidence supports a finding that he brought the buyer and seller together at mutually agreeable terms and that, even though his exclusive listing had expired, the listing in effect was continued by implicit agreement between the parties as a result of their course of dealings. On April 9, 1975 plaintiff and defendants entered into an exclusive multiple listing agreement authorizing plaintiff to sell defendants' golf course at a price of $500,000. The contract provided for an exclusive listing for four months, followed by a 60-day grace period during which plaintiff would be entitled to a commission if he effected sale of the property. Plaintiff introduced the ultimate buyer of the golf course to defendants on June 25, 1975 and submitted on his behalf a formal offer to purchase the property for $340,000. This offer was rejected. The listing agreement terminated on August 9, 1975 and defendants rejected plaintiff's requests to extend· it. Sporadic negotiations continued between plaintiff and defendants concerning the buyer's purchase of the golf course. At the end of the 60-day grace period, buyer and defendants had not reached agreeable terms; they were $50,000 to $75,000 apart in price; two percentage points apart in negotiations concerning a mortgage; and unable to agree on whether defendants would accept a corporate mortgage. On October 16, 1975 plaintiff, in a letter to the buyer, stated that the parties were so far apart in price and other terms of the deal that "we may as well stop negotiations now." In the next several months the buyer negotiated to purchase other golf courses in various parts of the country, then in December, 1975 resumed negotiations privately with defendants which resulted in his purchasing the golf course for $425,000. Upon learning of the sale, plaintiff sued for a real estate commission. The court, after presentation of plaintiff's case, directed a verdict in favor of defendants. To be entitled to a real estate commission, a broker must show that he brought the parties together at mutually acceptable terms within the period of his employment *(Bereswill v Yablon,* 6 NY2d 301, 306; *Saum v Capital Realty Dev. Corp.,* 268 NY 335; *Sibbald v Bethlehem Iron Co.,* 83 NY 378). In the absence of fraud or bad faith on the part of the sellers, the broker is not entitled to commission on a sale negotiated after the term of his employment, even though the sale is negotiated with a buyer introduced to the seller by the broker *(Douglas Real Estate Mgt. Corp. v Montgomery Ward & Co.,* 4 NY2d 33; *Sibbald v Bethlehem Iron Co., supra; Don Leipham, Inc. v Grosodonia,* 21 AD2d 847; *Emil v Hamburg Heaven,* 16 AD2d 778; *Levy v Hayman,* 8 AD2d 854). The record shows that at the end of the exclusive listing and 60-day grace period, the parties had not reached mutually acceptable terms. The offer submitted by plaintiff had been rejected and the parties were so far apart in their negotiations that plaintiff wrote the buyer to the effect that there was no point in continuing negotia-

tions. Therefore, plaintiff's contention that he brought the parties together at mutually agreeable terms is without merit. Further, the Trial Judge pointed out to plaintiff the inadequacy of his proof and plaintiff did not take the opportunity to seek to correct the defects. Plaintiff made no allegation of fraud or bad faith and there was no basis upon which such fraud could be inferred. Plaintiff's second contention, that the listing agreement was implicitly extended by the actions of the parties, is also without merit as plaintiff failed to produce any evidence showing such implied agreement. Defendants refused to renew the listing which had expired and did not accept plaintiff's services after its expiration. All concur, except Callahan, J., who dissents and votes to reverse the judgment and grant a new trial, in the following memorandum.

Callahan, J. (dissenting). It appears from a review of the record that a prima facie case was established by plaintiff and it was therefore error to dismiss the complaint at the end of plaintiff's proof. Upon a motion to dismiss a complaint at the close of plaintiff's proof, plaintiff must be given the benefit of every inference which can reasonably be drawn from the proof *(Mendelow v Slabodkin,* 47 AD2d 712). The testimony at nisi prius indicated that the parties entered into an agreement whereby plaintiff was to receive a commission upon finding a buyer for defendants' golf course at an agreeable price. Plaintiff found a buyer and assisted in negotiations until his listing agreement had expired. Shortly thereafter the buyer and the defendants entered into a contract. The purchase price was similar to that offered while plaintiff was still involved in the matter although the terms differed. Upon those unrebutted facts plaintiff may well have been entitled to a commission *(Lane—Real Estate Dept. Store v Lawlet Corp.,* 28 NY2d 36; *Gallinger Real Estate v Mufale Dev. Corp.,* 53 AD2d 1014). The proof in a case for a broker's commission would seldom be successful if the broker had to prove an agreement that he brought the parties together on a mutually agreed price. It is readily ascertainable in any such case that the agreed price is discounted as the broker's commission, or what would have been an amount required to pay the broker, has been deducted. All that a broker need do to establish a prima facie case is introduce evidence tending to show the existence of an agreement and that he has procured a ready, willing and able purchaser at the price and terms of the seller *(Lane—Real Estate Dept. Store v Lawlet Corp., supra).* The record is sufficient to sustain a prima facie case and it was improper for the trial court to dismiss the complaint *(Cohen v Hallmark Cards,* 45 NY2d 493). (Appeal from judgment of Oneida Supreme Court—broker's commission.) Present—Cardamone, J. P., Hancock, Jr., Callahan, Doerr and Moule, JJ.