■ CATHERINE HYLICK, Appellant, v RONALD HALWEIL, Respondent.—In an action to recover damages allegedly resulting from medical malpractice and lack of informed consent, plaintiff appeals from a judgment of the Supreme Court, Orange County (Donovan, J.), entered December 9, 1983, which dismissed the complaint at the close of her case, on the ground of failure to present a prima facie case.

Judgment affirmed, with costs.

To be entitled to judgment as a matter of law, the defendant movant has the burden of showing that plaintiff failed to make out a prima facie case; the plaintiff's evidence must be accepted as true, and plaintiff must be given the benefit of every favorable inference which can reasonably be drawn from that evidence (*Nicholas v Reason*, 84 AD2d 915). The motion should be granted only if there is no rational process by which the jury could find for the plaintiff as against the moving defendant (Siegel, NY Prac § 402; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 4401.05).

In order to survive a trial motion to dismiss at the end of her case, plaintiff was required to make a prima facie showing that the defendant failed to exercise such reasonable care and diligence in his treatment of her as would be expected of the average member of his profession in the locality at the time of treatment (*Pike v Honsinger*, 155 NY 201, 209-210; *Nicholas v Reason, supra*), and that plaintiff's injury proximately resulted from defendant's departure from the required standard of performance (*Nicholas v Reason, supra*). The record at bar does not contain any evidence that this defendant's actions fell below the standard of performance of the average member of his profession in the locality at the time of treatment.

Plaintiff's reliance on *Lipsius v White* (91 AD2d 271) is misplaced. In *Lipsius,* unnecessary surgery was the injury proximately resulting from defendant's failure to perform diagnostic tests; evidence was presented that the failure to perform those tests was itself a departure from accepted medical practice. Although plaintiff at bar adduced testimony that defendant failed to perform certain diagnostic tests which might have obviated the need for a surgical intervention, there was no evidence that his failure to perform those tests, nor that performance of the operation itself, represented a departure from accepted medical practice. Nor was there any evidence to support her allegation that defendant improperly performed the surgical procedures.

To support her cause of action for lack of informed consent, plaintiff was obliged to make a prima facie showing that defendant failed to disclose to her the material risks, benefits and alternatives to the surgery which would have been disclosed by a reasonable medical practitioner (Public Health Law § 2805-d [1]), and this showing of qualitative insufficiency of the consent was required to be supported by expert medical testimony (CPLR 4401-a). Plaintiff testified that no discussion of risks took place. The only medical testimony concerning the alleged qualitative insufficiency of plaintiff's consent consisted of bare assertions by plaintiff's medical expert that it was "standard practice", "standard operating procedure", and "standard procedure" to advise a patient of risks, benefits and alternatives associated with a proposed surgery. Assuming, arguendo, that the testimony of plaintiff and her expert was sufficient to constitute a prima facie showing of qualitative insufficiency of consent, plaintiff was still required to establish, *inter alia,* that "a reasonably prudent person in the patient's position would not have undergone the treatment or diagnosis if he had been fully informed" (Public Health Law

§ 2805-d [3]; *Proce v Franklin Gen. Hosp.,* 83 AD2d 903). Such a determination would necessarily require the fact finder to balance the risks associated with having the procedure performed against the risks associated with forgoing it. This record is devoid of any evidence upon which a fact finder could give a nonspeculative answer to that question, and the cause of action was therefore properly dismissed (*530 E. 89 Corp. v Unger,* 43 NY2d 776, 778). We note that defendant unsuccessfully pursued substantially the same "conservative treatment" which plaintiff's expert described as an alternative to surgery. Mangano, J. P., Thompson, O'Connor and Weinstein, JJ., concur.