■ KENNETH W. GROSS, Respondent-Appellant, v RICHARD FRIEDMAN, Appellant-Respondent.—In an action to recover damages for medical malpractice, the defendant appeals from a judgment of the Supreme Court, Queens County (Sacks, J.), entered July 17, 1986, which was in favor of the plaintiff in the principal sum of $25,000, and the plaintiff cross-appeals from so much of the same judgment on the ground of inadequacy.

Ordered that the judgment is reversed, on the law, with costs, the defendant's motion to dismiss the complaint for the plaintiff's failure to present a prima facie case is granted, the complaint is dismissed, and the cross appeal is dismissed as academic.

Our review of the record reveals that the plaintiff did not make a prima facie showing that the defendant failed to exercise such reasonable care and diligence in his treatment of the plaintiff as would be expected of the average member of his profession and that the plaintiff's injury proximately resulted from the defendant's departure from the required standard of performance (see, Hylick v Halweil, 112 AD2d 400). Specifically, the plaintiff's expert, who treated and performed surgery upon the plaintiff after the plaintiff had been treated by the defendant, did not state, with any degree of medical certainty, or in any terms "from which it [could] be said that the witness' 'whole opinion' reflect[ed] an acceptable level of certainty" (Matott v Ward, 48 NY2d 455, 460), that the plaintiff was, indeed, suffering from appendicitis upon his December 1977 admission to the hospital under the defendant's care. Nor did the expert state that surgery was preferred to the defendant's conservative course of treatment, which was entirely consistent with that of the expert, such that it represented a departure from accepted standards of medical practice (see, Hylick v Halweil, supra). Moreover, the plaintiff's expert did not testify either that a failure to diagnose the plaintiff's condition as appendicitis or a failure to perform surgery was the proximate cause of the plaintiff's injuries. In short, the plaintiff has failed to prove "a probability supported by some rational basis" (Matter of Miller v National Cabinet Co., 8 NY2d 277, 282, mot to amend remittitur granted 8 NY2d 1025), upon which the jury could render a nonspeculative verdict (see, Kennedy v Peninsula Hosp. Center, 135 AD2d 788; Hylick v Halweil, supra). We note that under the circumstances of this case, the legal insufficiency of the plaintiff's proof may not be remedied by the medical malprac-

tice panel's unanimous finding of liability. Thompson, J. P., Brown, Weinstein and Sullivan, JJ., concur.