■ FREDA GREEN & ASSOCIATES, INC., Appellant, v MARK HEYDT, Individually and as Executor of AUDREY HEYDT, Deceased, Respondent.—Judgment, Supreme Court, New York County (Myriam Altman, J.), entered June 12, 1990, which granted defendant's motion dismissing the complaint, unanimously affirmed, without costs. The appeal from the order of the same court, entered June 1, 1990, is dismissed, without costs, in view of the entry of final judgment.

Plaintiff, a licensed real estate broker, was granted "exclusive and irrevocable right and authority" to sell the defendant's cooperative apartment until expiration of the parties' written agreement on April 30, 1989. Defendant entered into

a contract for the sale of the property on May 1, 1989, one day after the expiration of the brokerage agreement, with purchasers he had himself procured. Despite the fact that the plaintiff admittedly had nothing whatsoever to do with the sale of the subject premises, plaintiff claims an entitlement to a commission based upon plaintiff's interpretation of General Construction Law § 25 and the defendant's alleged bad faith under the contract.

The IAS court did not err in dismissing plaintiff's first cause of action alleging that the term of the exclusive agreement was extended to Monday, May 1, 1989 pursuant to General Construction Law § 25 merely because the expiration of the parties' agreement, April 30, 1989, fell on a Sunday. As plaintiff concedes, the agreement, which was drafted by the plaintiff, required no "payment of money" or "performance of a condition" warranting such an extension of time under General Construction Law § 25 (1) on the expiration date of the parties' agreement (see generally, *Kulanski v Celia Homes,* 7 AD2d 1006).

Defendant was entitled to summary judgment on plaintiff's second cause of action alleging that the defendant had, in bad faith, breached the parties' agreement by secretly showing the subject premises to the ultimate purchasers thereof. Again, plaintiff concedes that the defendant negotiated in good faith with every prospective purchaser procured by the plaintiff and in no way interfered with the plaintiff's attempts to perform under the agreement prior to the expiration thereof. Thus, in the absence of an agreement to the contrary and fraud or bad faith on the part of the seller, the broker was not entitled to a commission on a sale negotiated after the term of its employment. *(Bashant v Spinella,* 67 AD2d 1100.) Concur—Kupferman, J. P., Carro, Kassal, Ellerin and Smith, JJ.