■ DIANE M. LEGGIO, Appellant, v JOHN LEGGIO III, Respondent.—In an action for divorce and ancillary relief, the plaintiff wife appeals, as limited by her brief, from so much of (1) an order of the Supreme Court, Suffolk County (McCarthy, J.), dated February 20, 1990, as denied those branches of her motion which were for awards of temporary maintenance and child support, and interim counsel fees, and (2) an order of the same court, entered April 2, 1990, as upon granting "renewal and reargument", in effect, adhered to the prior determination denying awards of temporary maintenance and child support, and interim counsel fees.

Ordered that the appeal from so much of the order dated

February 20, 1990, as denied those branches of the plaintiff's motion which were for awards of temporary maintenance and child support, and interim counsel fees is dismissed, without costs or disbursements, as that portion of the order was superseded by the order entered April 2, 1990, made upon renewal and reargument; and it is further,

Ordered that the appeal from the order entered April 2, 1990, is dismissed, without costs or disbursements, as academic; and it is further,

Ordered that the parties and their respective counsel are directed to appear before this court on January 8, 1992 at 12:00 noon to be heard upon the issue of the imposition of appropriate sanctions or costs, pursuant to 22 NYCRR 130-1.1 (c), if any, against the appellant and/or her attorney.

The instant appeal was perfected on July 11, 1990. Some 10 months later, on March 14, 1991, the parties entered into a stipulation of settlement which resolved the three issues raised in the appellant's brief. Notwithstanding the settlement, the appellant's attorney, in a subsequent communication with this court, refused to withdraw the appeal. Upon review of the record, we conclude that the conduct of the appellant and her attorney in maintaining this appeal after a stipulation of settlement must be characterized as frivolous since it was "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [2]). Accordingly, the parties and their respective counsel are directed to appear before this court to be heard on whether sanctions or costs should be imposed upon the appellant and/or her attorney pursuant to 22 NYCRR 130-1.1 (c), and if so, in what amount. Mangano, P. J., Bracken, Lawrence and Rosenblatt, JJ., concur.