■ GEORGE HOFMAN REALTY, INC., Appellant, v CAPITOL PLASTIC CLOTH MFG. CORP. et al., Respondents.—In an action to recover a commission on the sale of real property, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Golden, J.), dated March 2, 1990, which, upon a ruling granting the defendants' motion pursuant to CPLR 4401, made at the close of the evidence, for judgment as a matter of law, is in favor of the defendants and against it.

Ordered that the judgment is affirmed, with costs.

Viewing the evidence in a light most favorable to the plaintiff, and giving it every reasonable inference *(see, Xenakis v Vorilas,* 166 AD2d 586; *Hylick v Halweil,* 112 AD2d 400), we conclude that the plaintiff failed to make out a prima facie showing that the sale of the subject property took place during the period of time when its exclusive right to sell was still in effect *(see, Bashant v Spinella,* 67 AD2d 1100; *cf., Century 21 A.L.P. Realty v Doller,* 170 AD2d 941; *Green & Assocs. v Heydt,* 167 AD2d 328; *Barnet v Cannizzaro,* 3 AD2d 745). Even if the date of the contract of sale with Dyker Homes, Inc., July 15, 1985, were controlling, the evidence is legally insufficient to support the conclusion that the plaintiff's written exclusive right to sell, which had expired on February 28, 1985, had been extended either orally or by course of conduct long enough to entitle it to a commission on that sale. Therefore, the trial court properly dismissed the complaint at the close of the evidence.

Additionally, the trial court did not err when it prevented the plaintiff from attempting to impeach its own witnesses *(see,* Richardson, Evidence §§ 512, 513 [Prince 10th ed]). Balletta, J. P., O'Brien, Copertino and Pizzuto, JJ., concur.