■ DIANE M. LEGGIO, Appellant, v JOHN LEGGIO, III, Respondent.—By decision and order of this court dated December 16, 1991, the parties to this action for a divorce and ancillary relief, were directed to appear before this court to be heard upon the issue of appropriate sanctions or costs pursuant to 22 NYCRR 130-1.1 (c) to be imposed against the plaintiff and/or her attorney for pursuing frivolous appeals from (1) so much of an order of the Supreme Court, Suffolk County (McCarthy, J.), dated February 20, 1990, as denied those branches of the plaintiff's motion which were for awards of temporary maintenance and child support, and interim counsel fees, and (2) so much of an order of the same court, entered April 2, 1990, as, upon granting "renewal and reargument", in effect, adhered to the original determination. Upon the proceedings before this court on January 22, 1992, at which the parties were given an opportunity to be heard on the issue of costs and sanctions, it is,

Ordered that the plaintiff's attorney is directed to pay $250 to the Lawyers' Fund for Client Protection within 20 days after service upon him of a copy of this decision and order as a sanction for his conduct in pursuing frivolous appeals.

The relevant facts of the underlying matrimonial action were set forth in our prior decision and order dated December 16, 1991 *(see, Leggio v Leggio,* 178 AD2d 513) which dismissed the appeals. We concluded that the conduct of the plaintiff and her attorney in declining to withdraw this appeal after execution of a stipulation of settlement could constitute frivolous conduct "undertaken primarily to delay or prolong the resolution of the litigation, or to harass or maliciously injure another" (22 NYCRR 130-1.1 [c] [2]). It should be noted that the stipulation specifically provided that the appellant "will not prosecute any decision by an Appeals Court in said action".

In an affidavit sworn to on January 17, 1992, the plaintiff's attorney took "full responsibility for not insisting as part of the settlement stipulation that the appeal be withdrawn as

academic since [he] was then of the firm opinion that the appeal raised important issues of law that should be decided by the Court notwithstanding the mootness of the appeal and, hence, neither [he] nor the respondent's counsel notified the Court of the stipulation". The failure of the appellant's attorney to withdraw the concededly moot appeal "constituted a misuse of and a burden on judicial resources" *(cf., Mechta v Mack,* 156 AD2d 747, 748). Accordingly, we find that a sanction of $250, payable to the Lawyers' Fund for Client Protection, is warranted to deter similar conduct. Mangano, P. J., Bracken, Rosenblatt and Lawrence, JJ., concur.