■ In the Matter of CITY OF NEW ROCHELLE, Respondent, v O. MUELLER, INC., et al., Respondents, and RICHARD WEISS et al., Appellants. [598 NYS2d 970] —In a condemnation proceeding pursuant to EDPL article 4 for authorization to file an acquisition map, by decision and order of this Court dated March 1, 1993, the parties were directed to appear before this Court to be heard upon the issue of appropriate sanctions or costs pursuant to 22 NYCRR 130-1.1 to be imposed against the appellants for their conduct in pursuing a frivolous appeal from an order of the Supreme Court, Westchester County (Pallela, J.), dated June 11, 1990.

Upon the proceedings before this Court on March 24, 1993, at which the parties were given an opportunity to be heard on the issue of sanctions and costs, it is,

Ordered that within 20 days after service upon them of a copy of this decision and order, with notice of entry, the appellants are directed to pay costs in the sum of $2,500 to the petitioner City of New Rochelle for their conduct in pursuing a frivolous appeal from an order of the Supreme Court, Westchester County (Pallela, J.), dated June 11, 1990.

The relevant facts of the underlying condemnation proceeding were set forth in our prior decision and order, which affirmed the order appealed from *(see, Matter of City of New Rochelle v O. Mueller, Inc.,* 191 AD2d 435). We concluded therein that the instant appeal "so obviously lack[ed] merit in either fact or law that it must be characterized as frivolous within the meaning of 22 NYCRR 130-1.1 (c)" *(supra,* at 436, 437). On March 24, 1993, the appellants and the petitioner's attorney appeared before this Court with respect to the questions of sanctions and costs. Although given an opportunity to do so, the appellants, attorneys who have pursued this litigation *pro se,* failed to demonstrate that their appeal had a legitimate basis in light of the facts and existing case law. The appellants contended that the City of New Rochelle was required to hold a new public hearing because of a change in the scope of the planned urban renewal project. However, that contention could not properly be determined within the con-

text of an EDPL 402 vesting proceeding commenced by the City to obtain title to the commercial building formerly leased by the appellants. The appellants' claim that they had no experience in condemnation law does not excuse their failure to seek timely judicial review of the condemnor's determination in the proper forum. Further, that the subject building was razed approximately one year before this appeal was heard effectively rendered the appeal academic, and the appellants' failure to withdraw it " 'constituted a misuse of and burden on judicial resources' " *(Leggio v Leggio,* 183 AD2d 815, 816, quoting from *Mechta v Mack,* 156 AD2d 747, 748). Under these circumstances, we direct that the appellants pay the petitioner the sum of $2,500 to defray a portion of the costs the petitioner incurred in defending this appeal. Miller, J. P., Lawrence, Eiber, and Pizzuto, JJ., concur.