■ ERA HAMLET REALTY, INC., Appellant, v JEAN K. MEOLA, Respondent. [605 NYS2d 927] —In an action to recover a commission for the sale of real property, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Floyd, J.), dated April 25, 1991, as, upon reargument, adhered to a prior determination of the same court, dated January 17, 1991, which granted the defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) on the grounds that there are complete defenses founded upon documentary evidence and the complaint fails to state a cause of action, and which directed the plaintiff to pay the defendant sanctions in the sum of $2,655 in attorney's fees and court costs.

Ordered that the order is affirmed insofar as appealed from, with costs to the defendant; and it is further,

Ordered that the parties are directed to appear at this Court on December 15, 1993, at 12:30 P.M., to be heard,

pursuant to 22 NYCRR 130-1.1 (c), upon the issue of the imposition of appropriate sanctions or costs, if any, against the plaintiff.

The Supreme Court properly granted the defendant's motion to dismiss the complaint for failure to state a cause of action. In the absence of an agreement to the contrary, or fraud, or bad faith on the part of the seller, the broker is not entitled to a commission on a sale negotiated after the term of his employment (see, Bereswill v Yablon, 6 NY2d 301, 306; Douglas Real Estate Mgt. Corp. v Montgomery Ward & Co., 4 NY2d 33; Hofman Realty v Capitol Plastic Cloth Mfg. Corp., 181 AD2d 760; Green & Assocs. v Heydt, 167 AD2d 328; Bashant v Spinella, 67 AD2d 1100). The plaintiff's pleadings fail to allege any facts to establish that the ultimate purchaser and the seller had entered into negotiations of sale during the term of the plaintiff's employment. Moreover, the defendant has submitted documentary evidence establishing that, contrary to the plaintiff's contention, the party with whom the defendant attempted to negotiate a sale during the term of the plaintiff's employment was not a trustee for the ultimate purchaser.

The Supreme Court providently exercised its discretion in awarding reasonable attorney's fees and court costs to the defendant (see, e.g., Ward-Carpenter Engrs. v Sassower, 193 AD2d 730). The record supports the court's determination that this action was frivolous within the meaning of 22 NYCRR 130-1.1 (c) (1). Moreover, upon our review of the record, we find that the instant appeal so obviously lacks merit in both fact and law that it must also be characterized as frivolous. Accordingly, the parties are directed to appear at this Court on December 15, 1993, at 12:30 P.M. to be heard upon the issue of the imposition of appropriate sanctions and costs pursuant to 22 NYCRR 130-1.1. Bracken, J. P., Miller, Lawrence and Pizzuto, JJ., concur.