■ ERA HAMLET REALTY, INC., Appellant, v JEAN K. MEOLA, Respondent. [616 NYS2d 254] —In an action to recover a commission for the sale of real property, by decision and order of this Court dated November 29, 1993, the parties were directed to appear before this Court to be heard on the issue of appropriate sanctions and costs pursuant to 22 NYCRR 130-1.1 to be imposed against the plaintiff for its conduct in pursuing a

frivolous appeal from an order of the Supreme Court, Suffolk County (Floyd, J.), dated April 25, 1991.

Upon the proceedings before this Court on June 15, 1994, at which the parties were given an opportunity to be heard on the issue of sanctions and costs, it is,

Ordered that within 20 days after service upon them of a copy of this decision and order, with notice of entry, the appellant and its attorney, Rogers and Cartier, P. C., are directed to pay costs in the total amount of $5,841.62 to the defendant for their conduct in pursuing a frivolous appeal, and they are jointly and severally liable for that sum; and it is further,

Ordered that the clerk of the Supreme Court, Suffolk County, shall enter judgment accordingly (22 NYCRR 130-1.2).

The relevant facts of the underlying action to recover a commission for the sale of real property are set forth in our prior decision and order dated November 29, 1993. In that decision and order we affirmed, insofar as appealed from, an order of the Supreme Court, Suffolk County, dated April 25, 1991, including the portion thereof that directed the plaintiff to pay the defendant sanctions in the sum of $2,655 in attorney's fees and court costs upon a finding that the action was frivolous within the meaning of 22 NYCRR 130-1.1 (c) (1) *(see, ERA Hamlet Realty v Meola,* 198 AD2d 471). In addition, we concluded that the appeal "so obviously lack[ed] merit in both fact and law that it must also be characterized as frivolous." *(Supra,* at 472.)

On June 15, 1994, the parties' attorneys appeared before this Court with respect to the question of sanctions and costs. Although given an opportunity to do so, the plaintiff and its attorney failed to demonstrate that their appeal had a legitimate basis in light of the facts and existing case law *(see,* 22 NYCRR 130-1.1 [c]; *Matter of City of New Rochelle v O. Mueller, Inc.,* 193 AD2d 677). Accordingly, we direct that the plaintiff and its attorneys pay to the defendant the sum of $5,841.62 to defray the costs reasonably incurred by her since the entry of judgment in her favor and in defending the appeal therefrom. Bracken, J. P., Miller, Lawrence and Pizzuto, JJ., concur.