■ CIRO M. PETRILLO et al., Appellants, v TREVUS CONSTRUCTION CORP., Respondent. (And a Third-Party Action.) [616 NYS2d 814] —In an action, *inter alia,* to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Rutledge, J.), dated September 16, 1992, which granted the defendant's motion to dismiss the complaint for failure to establish a prima facie case, made at the close of the plaintiffs' case.

Ordered that the order is affirmed, with costs.

The plaintiff Ciro M. Petrillo, an employee of the Triborough Bridge and Tunnel Authority, was injured when the blade of his snow plow struck metal road plates which had been placed over a pothole by the Trevus Construction Corporation (hereinafter Trevus). Mr. Petrillo claims to have not seen any sign warning him to raise his plow in the area around the plates. In fact, the evidence indicates that such a sign was present, but was covered by snow and ice at the time

of the accident. There was no evidence that Trevus installed the sign. Additionally, the evidence adduced during the plaintiffs' case indicates that Trevus was under no duty to maintain that sign. Since the plaintiffs failed to demonstrate that Trevus breached a duty owed to Mr. Petrillo and that such breach was a proximate cause of the injuries which he sustained, the plaintiffs did not establish a prima facie case *(see, Akins v Glens Falls City School Dist.,* 53 NY2d 325, 333). Accordingly, the court properly dismissed the complaint at the close of the plaintiffs' case *(see, Hylick v Halweil,* 112 AD2d 400).

The plaintiffs' remaining contentions are without merit. Thompson, J. P., Lawrence, Pizzuto and Friedmann, JJ., concur.