■ WILLIAM NAUGHTON, as Administrator of the Estate of PATRICK NAUGHTON, Deceased, Appellant, v ARDEN HILL HOSPITAL et al., Respondents. [625 NYS2d 746] —White, J. Appeals (transferred to this Court by order of the Appellate Division, Second Department) from two amended judgments of the Supreme Court (Braatz, J.), entered June 2, 1993 in Orange

County, upon a dismissal of the complaint at the close of the evidence.

In the early morning of March 12, 1988, Patrick Naughton went to the emergency room of defendant Arden Hill Hospital where he told the examining physician, Victor Lugo-Miro, that for four days he had been experiencing a burning type sensation in the middle of his chest that was radiating to his arm. Knowing that these symptoms could be a precursor of a coronary event, Lugo-Miro performed certain tests, i.e., blood work, electrocardiogram and a chest X-ray, designed to reveal the presence of a cardiac problem. All the tests results were within normal limits. Ultimately, Lugo-Miro concluded that Naughton was suffering from a gastric problem and discharged him with the admonition that he should return to the hospital if his symptoms worsened.

Naughton did return on the evening of March 12, 1988 complaining of chest pains. Following an examination and the administration of medicine for gastrointestinal complaints which alleviated Naughton's pain, the emergency room physician, George Weightman, reached the conclusion that Naughton's complaints arose from a gastrointestinal condition that did not require hospitalization. Consequently, Naughton was again discharged from Arden Hill.

Naughton was seen by his personal physician, Leonard Pallor, the president of defendant Monroe Area Medical Associates, on March 14, 1988. Naughton told him about his condition and Pallor called Arden Hill to obtain the results of the tests done in the emergency room on March 12, 1988. Based on this information, Pallor's diagnosis was that Naughton was experiencing esophageal pain. To confirm the diagnosis, Pallor ordered an upper GI test for Naughton which was conducted at Arden Hill on March 16, 1988. According to medical records, following the administration of the test, Naughton had a "generalized seizure" which caused his death by asphyxiation brought on by the aspiration of barium into his lungs.

Thereafter, plaintiff commenced this action for conscious pain and suffering and wrongful death that is premised on the allegation that Naughton's death resulted from an acute myocardial infarction which defendants failed to diagnose. At the conclusion of a lengthy trial, Supreme Court granted defendants' motions to dismiss plaintiff's causes of action, prompting this appeal.

Plaintiff initially takes issue with the striking by Supreme

Court of the hypothetical questions he propounded to two of his expert medical witnesses. In our view these questions were properly stricken as they were predicated upon facts not in the record nor fairly inferable from the evidence *(see, Gilleo v Horton Mem. Hosp.,* 196 AD2d 569; *O'Shea v Sarro,* 106 AD2d 435, 437). We further find that Supreme Court did not abuse its discretion in striking certain portions of the testimony of plaintiff's medical expert, George Landa. While we recognize that a medical expert's opinion need not be asserted with reasonable medical certainty *(see, People v Brown,* 67 NY2d 555, 560, *cert denied* 479 US 1093; *McKilligan v McKilligan,* 156 AD2d 904, 907), our review of Landa's testimony does not provide assurance that his opinions were not based on supposition or speculation *(cf., Matott v Ward,* 48 NY2d 455, 462-463).

We shall now consider the propriety of Supreme Court's dismissal of plaintiff's causes of action. To grant a defendant's motion for judgment as a matter of law at the close of evidence, the trial court must find, viewing the evidence in a light most favorable to the plaintiff and giving it the benefit of every reasonable inference, that by no rational process could the jury have found in favor of the plaintiff *(see, Hofman Realty v Capitol Plastic Cloth Mfg. Corp.,* 181 AD2d 760; *Xenakis v Vorilas,* 166 AD2d 586).

Here, assuming that Naughton did die as the result of a heart attack and that Arden Hill committed malpractice in not admitting him to the hospital, there is no proof that had Naughton been hospitalized on March 12, 1988 a heart attack would have been prevented or the risk of such an attack lessened. Having failed to establish proximate cause, there was no rational process by which the jury could have found in favor of plaintiff on his wrongful death cause of action against Arden Hill *(see, Gross v Friedman,* 138 AD2d 571, *affd* 73 NY2d 721). Hence, this cause of action was properly dismissed.

Plaintiff maintains that Pallor committed malpractice by not personally reviewing the emergency room records, particularly the EKG findings, which would have alerted him to Naughton's cardiac problem. Even if it is accepted that he should have done so, there is no proof that such failure was a proximate cause of Naughton's death. In fact, the evidence is that Pallor would not have pursued a different course of treatment had he seen the March 12, 1988 EKG since it was normal when compared to Naughton's previous EKGs. Notably, plaintiff's medical expert agreed it was normal. Therefore, in the absence of proof of proximate cause, the wrongful death

cause of action against Monroe was properly dismissed (see, *Amsler v Verrilli,* 119 AD2d 786).

We also find that Supreme Court properly dismissed plaintiff's causes of action for conscious pain and suffering since there is no indication in the record that Naughton was in pain from the time he was seen by Pallor until the time of his death. Further, the proof shows that the medications he received at Arden Hill alleviated his pain and there is no proof that he was in pain thereafter.

For these reasons, we affirm.

Mercure, J. P., Casey, Peters and Spain, JJ., concur. Ordered that the amended judgments are affirmed, with one bill of costs.