■ PHYLLIS BROWN, Respondent, v JACQUES DELON, Appellant. [626 NYS2d 532] —In an action, *inter alia,* to impose a

constructive trust on certain real property and to recover damages for fraud, the defendant appeals from an amended judgment of the Supreme Court, Queens County (Lane, J.), dated November 8, 1993, which, upon a jury verdict, is in favor of the plaintiff and against him in the principal sum of $215,820, and, in effect, dismissed his counterclaims to recover damages for (1) renovation and repair of the subject property, (2) breach of an automobile leasing agreement, and (3) damage to the automobile. The defendant's notice of appeal from the judgment entered May 20, 1993, is deemed a premature notice of appeal from the amended judgment (CPLR 5520 [c]).

Ordered that the amended judgment is modified by (1) deleting the provision thereof which is in favor of the plaintiff in the principal sum of $215,820 and (2) deleting the provision thereof which dismissed the defendant's counterclaim to recover damages for breach of an automobile leasing agreement; as so modified the amended judgment is affirmed, with costs to the appellant, and the matter is remitted to the Supreme Court, Queens County, for a new trial (1) on the issue of damages to which the plaintiff is entitled, and (2) on the defendant's counterclaim.

At the conclusion of the case, the defendant indicated that his only counterclaims which remained were those to recover the costs of renovation and repair of the property in question and to recover damages for the breach of an automobile leasing agreement and damage to the automobile. The court properly dismissed his counterclaims for renovation and repair and for damage to the automobile for failure to establish a prima facie case. Assuming the defendant's evidence to be true and giving him the benefit of every favorable inference, there is no rational process by which the jury could have rendered a verdict in his favor (see, Hylick v Halweil, 112 AD2d 400). The court erred, however, in dismissing the defendant's counterclaim which was for breach of the automobile leasing agreement. While the plaintiff denied the existence of any such agreement, a written leasing agreement was admitted into evidence and the defendant testified that the plaintiff did not pay him the agreed installments. The conflicting evidence presented a factual issue for the jury to resolve (see, Windisch v Weiman, 161 AD2d 433, 437).

The court also erred in its charge on the issue of damages by failing to inform the jury that it had imposed a constructive trust on the property in question and that it had directed reconveyance of the property to the plaintiff. In instructing

the jury on the issue of damages, the court merely stated that if it found for the plaintiff, it had to "render a verdict in a sum of money which will justly and fairly compensate the plaintiff for her pecuniary loss" and that "[a]ctual pecuniary loss is measured by the difference between the value of what the plaintiff parted with and the value of what she was left with after her transaction with the defendant". Without knowledge of the reconveyance, the jury was led to mistakenly conclude that the plaintiff had lost the entire value of the property. As a result, the jury's award of damages was contrary to the law in that it "include[d] duplication of items of recovery" (CPLR 3002 [e]).

The award to the plaintiff was against the weight of the evidence in that it far exceeded the amount required to restore the plaintiff "to the position occupied before the commission of the fraud" (Clearview Concrete Prods. Corp. v S. Charles Gherardi, Inc., 88 AD2d 461, 468). Consequently, the case must be remitted for a new trial on the issue of damages. We note that the plaintiff's claim for punitive damages was dismissed by the court and the plaintiff did not cross-appeal from that portion of the judgment. Therefore, at the new trial, the issue of punitive damages should not be submitted to the jury. Miller, J. P., Pizzuto, Joy and Altman, JJ., concur.