■ Carmella Astuto, Appellant, v Michael Hogan, Respondent. [631 NYS2d 761] —In an action to recover damages for medi-

cal malpractice, etc., the plaintiff appeals from of judgment of the Supreme Court, Kings County (Levine, J.), entered May 14, 1993, which, upon a jury verdict, is in favor of the defendant and against her.

Ordered that the judgment is affirmed, with costs.

The plaintiff's contention that the trial court's charge on the cause of action for lack of informed consent as it relates to proximate cause was erroneous is without merit. The trial court correctly informed the jury several times, in both its initial charge and its supplemental instructions, that in order to find in favor of the plaintiff the jury had to conclude that the operation which was allegedly performed on her without her informed consent was the proximate cause of her injuries (see, Flores v Flushing Hosp. & Med. Ctr., 109 AD2d 198). Moreover, while the interrogatory which dealt with proximate cause and lack of informed consent may have been imprecise, that interrogatory was never considered by the jury, which concluded that the defendant did not depart from good and accepted medical practice in failing to obtain the informed consent of the plaintiff. Finally, the trial court's supplemental charge on lack of informed consent properly left determination of the issue of what information should reasonably be disclosed in order to obtain informed consent to the jury (see, Hylick v Halweil, 112 AD2d 400; Lipsius v White, 91 AD2d 271).

Also without merit is the plaintiff's contention that her motion for judgment during trial should have been granted. Viewing the evidence adduced at trial in the light most favorable to the defendant, it is clear that the trier of fact had a rational basis for finding in favor of the defendant (see, Lipsius v White, 91 AD2d 271, supra). Thus, the trial court properly left the question of malpractice to the jury's determination.

We have considered the plaintiff's remaining contentions and find them to be without merit. Balletta, J. P., Copertino, Pizzuto and Krausman, JJ., concur.