Jordan v Benjamin-Beechwood Dune (2019 NY Slip Op 08992)





Jordan v Benjamin-Beechwood Dune


2019 NY Slip Op 08992


Decided on December 18, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 18, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
JOHN M. LEVENTHAL
ANGELA G. IANNACCI, JJ.


2017-05139
 (Index No. 6159/12)

[*1]Glenroy Jordan, et al., respondents,
v
Benjamin-Beechwood Dune, et al., appellants.


Rich, Intelisano & Katz, LLP, New York, NY (Robert J. Howard, Trista W. McConnell, and Daniel E. Katz of counsel), for appellants.



DECISION & ORDER
In an action, inter alia, to recover a down payment made pursuant to a contract for the sale of real property, the defendants appeal from an order of the Supreme Court, Queens County (Salvatore J. Modica, J.), dated March 17, 2017. The order granted the plaintiffs' motion for summary judgment on the complaint, denied the defendants' cross motion for summary judgment dismissing the complaint, and awarded the plaintiffs attorneys' fees.
ORDERED that the order is modified, on the law, by deleting the provision thereof awarding the plaintiffs attorneys' fees; as so modified, the order is affirmed, without costs or disbursements.
The plaintiffs contracted to purchase a two-family home from the defendant Benjamin Beechwood Dune, LLC (hereinafter BBD, LLC), and paid a down payment in the total sum of $72,045. The purchase agreement was amended to provide that the closing would take place on May 2, 2011. However, BBD, LLC, had the right to adjourn the closing for an additional eight months, that is, until January 2, 2012. The amendment further provided that "in the event [BBD, LLC] shall be unable to schedule the closing of title to the home on or before eight months after the proposed date of delivery of title" the plaintiffs "shall have the option to cancel [the] agreement, and to have the down payment . . . returned." The closing did not take place on or before January 2, 2012, and as a result, the plaintiffs exercised their option to cancel the purchase agreement.
"[A] written agreement that is complete, clear and unambiguous on its face must be enforced according to the plain meaning of its terms" (Greenfield v Philles Records, 98 NY2d 562, 569). Further, "courts may not by construction add or excise terms, nor distort the meaning of those used and thereby make a new contract for the parties under the guise of interpreting the writing" (Vermont Teddy Bear Co. v 538 Madison Realty Co., 1 NY3d 470, 475 [internal quotation marks omitted]).
Here, the plaintiffs established their prima facie entitlement to judgment as a matter of law. The amendment to the purchase agreement provided the plaintiffs with the option of terminating the purchase agreement and recovering their down payment in the event that the closing did not take place on or before January 2, 2012 (see Cloke v Findlan, 165 AD3d 1545; Jannetti v Whelan, 131 AD3d 1209, 1210; Fucarino v Tide Way Homes, Inc., 306 AD2d 375; Perillo v De Martini, 54 AD2d 691, 691-692; Kulanski v Celia Homes, 7 AD2d 1006, 1006-1007). Thus, in [*2]accordance with the express and unambiguous terms of the purchase agreement, as amended, since the closing did not take place on or before January 2, 2012, the plaintiffs were entitled to cancel the closing and recover their down payment (see Rufeh v Schwartz, 50 AD3d 1000). In opposition, the defendants failed to raise a triable issue of fact.
However, the Supreme Court should not have awarded the plaintiffs attorneys' fees. The plaintiffs are not entitled to an award of attorneys' fee absent an agreement between the parties, statutory authorization, or court rule (see Baker v Health Mgt. Sys., 98 NY2d 80, 88).
In light of our determination, the defendants' remaining contention is academic.
RIVERA, J.P., AUSTIN, LEVENTHAL and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court